No. 45,001

WALTER B. FAIRBANKS, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(430 P. 2d 293)

Opinion filed July 12, 1967.

*Donald E. Lambdin*, of Wichita, argued the cause and was on the briefs for the appellant.

*A. J. Focht*, Deputy County Attorney, argued the cause, and *Keith Sanborn*, County Attorney, and *Robert Londerholm*, Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order denying a second motion for relief under the provisions of K. S. A. 60-1507.

On July 17, 1963, petitioner, Walter B. Fairbanks, while represented by counsel of his own choice, entered a plea of guilty to possession of burglary tools, waived his right to trial by jury on charges of burglary in the second degree and attempted larceny, and proceeded to trial by the court. The charge of attempted larceny was later dismissed by the state and petitioner was found guilty only of second degree burglary. Petitioner filed a motion for new trial which was overruled and then was sentenced pursuant to the Habitual Criminal Act (K. S. A. 21-107a) to terms of from ten to twenty years on the burglary charge and from two to six years for possession of burglary tools, the sentences were directed to run concurrent with each other.

On February 18, 1965, petitioner filed his first motion under K. S. A. 60-1507 to vacate the sentence. The motion was considered by the court and denied. On appeal to this court the judgment of the trial court was affirmed on May 7, 1966, in *Fairbanks v. State,* 196 Kan. 650, 413 P. 2d 985.

On June 16, 1966, petitioner filed the instant motion on a form supplied in accordance with Rule No. 121 of this court. In this second motion, as in the previous one, petitioner's complaints are

basically premised on the proposition that he was denied due process of law in the application of the provisions of the Habitual Criminal Act.

On July 21, 1966, the second motion was considered by the trial court. Petitioner was not present in person or by counsel. The court examined the motion, files and records, including the previous motion, and ruled that the records in the case showed conclusively that petitioner was entitled to no relief.

The only point of any significance made by petitioner here, that was not raised in the previous motion, is that he was named as Walter Benjamin Fairbanks in the journal entry of the Greenwood County conviction which was used to invoke the Habitual Criminal Act. Petitioner offers no explanation whatsoever as to why this complaint was not lodged in his first motion. From our examination of the record we find that petitioner was represented by the same counsel in the Greenwood County prosecution, that no objection was made as to identity at the time of sentencing or in his motion for a new trial in the Sedgwick conviction now under attack. Petitioner fails to deny here, or at any previous stage of the proceedings, that he is not the same person as Walter Benjamin Fairbanks.

For the reasons stated it is clear that petitioner is not entitled to relief on a second or successive motion under the circumstances related. (*Hanes v. State*, 196 Kan. 409, 411 P. 2d 646; *Smith v. State*, 195 Kan. 745, 408 P. 2d 647; *State v. Foulk*, 195 Kan. 349, 404 P. 2d 961.)

The trial court's judgment denying relief on petitioner's second motion was correct and is affirmed.