No. 46,181

OSCAR GLENN LEE, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(483 P. 2d 482)

Opinion filed April 10, 1971.

*Tom Boone,* of Leavenworth, argued the cause, and was on the brief for appellant.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *Douglas G. Waters, Jr.,* special prosecutor, were with him on the brief for appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an appeal from an order dismissing a third motion filed by the appellant, Oscar Glenn Lee, pursuant to K. S. A. 60-1507.

Our only information regarding appellant's first motion is that it was dismissed by the district court, and no appeal was taken. In his second motion, which was filed on the prescribed form (205 Kan. XLVI), appellant's grounds for relief centered on (1) the voluntariness of his plea of guilty, and (2) the alleged infringement of his constitutional rights. Following the appointment of counsel, and a full evidentiary hearing, the district court denied the motion. The judgment was affirmed by this court in *Lee v. State,* 204 Kan. 364, 461 P. 2d 794.

The sole ground for relief urged by appellant in paragraph 10 of his present motion was that he was held in custody for twelve days without "arraignment." In paragraph 16 of the printed form he states the ground was not previously presented because he "didn't know of statute and decision [*Mayberry v. Kelly,* 1 Kan. 116]." The lower court summarily dismissed the motion on the same date it was filed, presumably for the reason it constituted a second or successive motion.

K. S. A. 60-1507 (c) and Rule 121 (d) of this court (205 Kan. xlv) provide that a sentencing court is not required to entertain a second or successive motion for relief on behalf of the same prisoner. We have held that when a petitioner, in answer to question No. 10 of the prescribed form of the motion, sets out a ground or grounds for relief, he is presumed to have listed all the grounds upon which he is relying, and a second motion, in which additional grounds for relief are alleged, may properly be denied. (*Fairbanks v. State,* 199 Kan. 501, 430 P. 2d 293; *Hanes v. State,* 196 Kan. 409, 411 P. 2d 646; *Smith v. State,* 195 Kan. 745, 408 P. 2d 647. Also, see, *Thomas v. State,* 199 Kan. 459, 430 P. 2d 268.) The foregoing rule was called to appellant's attention in *Lee v. State,* 197 Kan. 371, 416 P. 2d 285, where he challenged a previous sentence by a second 60-1507 motion.

The only justification or excuse the appellant offers for failing to raise the new ground for relief—a twelve-day delay in "arraignment"—is that he was not aware of the law on the subject. As already indicated, he was represented by counsel and accorded a full evidentiary hearing on his prior motion. He thus had ample opportunity at that time to present all his grievances, including his present ground. Both appellant and his counsel were aware or charged with knowledge of the facts upon which the purported ground is based. No unusual circumstances nor intervening change in the law have been presented which would justify further use of our post-conviction remedy. Some degree of finality in the criminal process must be achieved so that endless piecemeal litigation will not interfere with the timely dispatch of business of the courts. Under all the facts and circumstances presented in this record, appellant's further use of K. S. A. 60-1507 constituted an abuse of remedy. (*Cox v. State,* 200 Kan. 198, 434 P. 2d 843; *Sanders v. United States,* 373 U. S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068.)

We might add that irrespective of the fact that this was appellant's third motion, the ground urged was so insubstantial in nature that the motion could be summarily denied by the sentencing court without the necessity of the appointment of counsel, the presence of petitioner, and a plenary hearing. Appellant entered a plea of guilty to the offense for which he was charged, and under the settled law of this jurisdiction he is deemed to have waived any irregularities which may have occurred in the proceedings prior thereto. (2 Hatcher's Kansas Digest, Criminal Law § 100; 3B

West's Kansas Digest, Criminal Law § 273.) This, of course, would include any claimed irregularity concerning a delay in bringing him before an examining magistrate. (*Baier v. State,* 197 Kan. 602, 419 P. 2d 865.)

The district court's order dismissing the motion is affirmed.