(996 P.2d 686)
78,973

## Mikel Sherman Brooks, *Appellant,*
## v. State of Kansas, *Appellee.*

Opinion filed September 4, 1998.

*Debra J. Wilson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Elizabeth Rogers*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before Lewis, P.J., Green and Knudson, JJ.

Kundson, J.: Mikel Sherman Brooks appeals the summary denial of his pro se motion under K.S.A. 60-1507 attacking the underlying conviction and sentence imposed. We conclude its use constitutes an abuse of process and affirm the district court.

On December 9, 1988, Brooks pled guilty to aggravated robbery and was sentenced to an indefinite term of 6 to 20 years. On June 16, 1989, the district court entered an order nunc pro tunc, providing that Brooks' sentence was to be served consecutive to a sentence imposed in an earlier case.

Brooks filed his first K.S.A. 60-1507 motion on January 3, 1991, contending that he had been denied effective assistance of counsel.

The district court summarily denied the motion. On appeal, this court reversed and remanded for an evidentiary hearing on the merits. After the mandate of the Court of Appeals was issued on January 26, 1993, Brooks, with the advice of counsel, dismissed his motion for relief. According to the journal entry of dismissal, Brooks conferred with his attorney as to the "advantages and disadvantages of pursuing the motion for relief pursuant to K.S.A. 60-1507 and a voluntary and informed decision that it would not be beneficial to proceed with the motion . . . ."

In 1994 and 1995, Brooks filed numerous motions and pleadings regarding his conviction and the sentence imposed. Although not well documented in the record on appeal, the State contends in its brief that Brooks filed two more K.S.A. 60-1507 motions concerning the underlying criminal case that were denied by the district court.

K.S.A. 60-1507(c) states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

Brooks had full opportunity to raise any and all appropriate issues attacking the conviction and sentence in the first 60-1507 proceeding that he voluntarily dismissed after a successful appeal to this court and a mandate that required a full evidentiary hearing. Under these circumstances, K.S.A. 60-1507(c) is applicable. See *State v. Foulk*, 195 Kan. 349, 351, 404 P.2d 961 (1965).

We next consider whether Brooks has shown exceptional circumstances that would warrant consideration of a successive 60-1507 motion. In *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977), the Supreme Court explained:

"Exceptional circumstances as required to justify entertaining a second or successive motion are those unusual events or intervening changes in the law which prevented the movant from being aware of and raising all of his alleged trial errors in his first post-conviction proceeding, and they must be such that the ends of justice can only be served by reaching the merits of the subsequent application. (*Hacker v. State*, 207 Kan. 195, 483 P.2d 484 [1971].) Unless exceptional circumstances are shown the sentencing court may properly dismiss a second or successive motion filed under K.S.A. 60-1507 on the ground its use constitutes an abuse of remedy. (K.S.A. 60-1507[c]; *Lee v. State*, 207 Kan. 185, 483 P.2d 482 [1971].

See also *Salinger v. Loisel*, 265 U.S. 224, 68 L. Ed. 989, 44 S. Ct. 519 [1924], and *Wong Doo v. United States*, 265 U.S. 239, 68 L. Ed. 999, 44 S. Ct. 524 [1924].)"

The issues Brooks now raises could reasonably have been addressed 7 years ago in his first 60-1507 proceeding. Brooks has failed to show there have been any unusual events or intervening changes in the law that would constitute exceptional circumstances precluding dismissal under K.S.A. 60-1507(c). We conclude the district court did not err in its dismissal of Brooks' 60-1507 petition.

Brooks' final contention is that the district court imposed an illegal sentence under the nunc pro tunc journal entry. He relies upon the holding in *State v. Royse*, 252 Kan. 394, Syl. ¶ 4, 845 P.2d 44 (1993), which states: "Once a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence."

Brooks misses the point. The sentence first imposed by the district court was contrary to K.S.A. 1987 Supp. 21-4608(3), which required consecutive sentences. Because the district court initially imposed an unlawful sentence, it had the power and the duty to subsequently correct its error and impose a lawful sentence. See *State v. Kerley*, 236 Kan. 863, 865, 696 P.2d 975 (1985).

Affirmed.