**Larry G. HUME, Petitioner,**

v.

**David R. McKUNE, Warden and Carla Stovall, Attorney General, Respondents.**

**No. 98–3363–DES.**

United States District Court, D. Kansas.

Nov. 2, 2001.

Larry D. Hume, Lansing, KS, pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for respondents.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the court on review of Magistrate Judge Walter's Report and Recommendation (Doc. 19) on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed Objections to the Report and Recommendation (Doc. 20) and a Supplement (Doc. 24) to his original objections. Magistrate Judge Walter found petitioner's claims to be procedurally defaulted and recommends denying all relief. For the following reasons, the court accepts and adopts the findings and conclusions of the Report and Recommendation ("R & R").

### I. BACKGROUND

#### A. State Conviction

On December 18, 1971, the Money Galore Pawn Shop in Wichita, Kansas, was robbed, and the pawn shop attendant was shot and killed. Both petitioner and a minor, Phillip Trissal, were charged with

the robbery and murder. Apparently, Mr. Trissal entered the pawn shop and killed the attendant while petitioner waited in a vehicle outside the pawn shop. At petitioner's criminal trial, the jury was instructed on felony murder and aiding and abetting. The state theorized petitioner had conspired with Mr. Trissal to commit the robbery.

A Sedgwick County jury convicted petitioner of first degree murder, aggravated robbery, and unlawful possession of a firearm. He was sentenced on April 27, 1972, to life imprisonment and a consecutive term of three to ten years. Petitioner did not appeal his conviction or sentence.

## B. Procedural History

Petitioner has actively pursued multiple post-conviction motions before the Kansas courts. The court adopts the following description of these proceedings as found by Magistrate Judge Walter:

On June 12, 1973, petitioner filed a motion for reduction in sentence. He asserted that misrepresentation of counsel was a factor in the harsh sentence he received. The Court denied the motion, finding it had no jurisdiction to modify the sentence because the motion had not been timely filed. (Doc. 6, Tab N).

**Case No. 83 C 3428:** Petitioner filed his first post-conviction motion pursuant to K.S.A. 60–1507 in Sedgwick County, Kansas on December 15, 1983. Petitioner challenged his conviction on the grounds that [1] he did not defend himself at trial to protect Phillip Trissal, his younger co-defendant, [2] physical evidence was presented against him at trial for which he does not remember being served a warrant, [3] he does not remember being read Miranda warnings nor waiving them, [4] witnesses were not called for his defense, and [5] trial counsel was incompetent because he failed to advise the court that petitioner was

"nuts." On February 6, 1984, the District Court denied the motion stating that the claim that petitioner offered no defense to protect Trissal was successive and thus an abuse of the remedy provided by K.S.A. 60–1507; and additionally concluding that "questions of guilt or innocence are not justiciable issues under K.S.A. 60–1507." The court generally stated that a 1507 motion could not be used as an alternative to an appeal. The court rejected the warrantless search and Miranda violation arguments on the basis that both issues should have been presented at trial and the failure to do so waived those arguments. As to plaintiff's claim that no witnesses were called in his defense, the court states that whether to call witnesses is within the province of defense counsel after consulting with the client. The petitioner's final argument, that counsel was incompetent for failing to question petitioner's competency, was found to be unpersuasive because the trial record reflected that the issue was raised and the court found petitioner competent to stand trial. (Doc. 6, Tab A). Although petitioner filed an appeal, he voluntarily dismissed the appeal (*see* Doc. 18, at 5).

**Case No. 84 C 44:** Petitioner filed a second 60–1507 post-conviction motion on January 6, 1984, in Sedgwick County. He asserted that [1] extenuating and mitigating circumstances showed that he did not want to defend himself in order to protect a friend, [2] no search warrant was ever given for items presented against him at trial and [3] he did not recall being given Miranda warnings nor did he waive them. The court denied the motion on February 6, 1984, on grounds similar to the order denying relief in the first post-conviction proceeding. (Doc. 6, Tab B). Although petitioner filed an appeal, he voluntarily dismissed the appeal on the advice of

court-appointed counsel (Doc. 1, pp. 4–5) and the appeal was dismissed April 17, 1984.

**Case No. 89 HC 074:** Petitioner's third filing, a motion for state habeas relief, was dismissed on August 23, 1989, by Leavenworth County District Court for failure to exhaust available administrative remedies.

**Case No. 90 C 991:** Petitioner then filed another 60–1507 motion in Sedgwick County on March 26, 1990. He claimed ineffective assistance of counsel on the grounds that his attorney [1] did not question petitioner to determine if his confession had been voluntary, [2] failed to request a *Jackson v. Denno* hearing to determine if seized evidence was admissible at trial, and [3] failed to argue that there was no probable cause. The district court denied the motion on May 16, 1990, as an abuse of remedy. (Doc. 6, Tab D). The Kansas Court of Appeals affirmed the District Court's decision on April 26, 1991. *Hume v. State,* No. 65,346, [810 P.2d 748] (Kan. Ct.App. Apr.26, 1991). The court, relying upon *Lee v. State,* 207 Kan. 185, [483 P.2d 482] (1971) and K.S.A. 60–1507, found no error in the denial of petitioner's successive motion. The court found this 1507 motion, his third, was justifiably· denied pursuant to the successive motions rule, K.S.A. 60–1507(c). The court rejected petitioner's argument that his lay status and ignorance of the law constituted exceptional circumstances. Petitioner did not seek review by the Kansas Supreme Court.

Petitioner then filed two state habeas petitions, one in Cowley County (Case No. 91 C 75) and another in Leavenworth County (Case No. 9105HC0031). Both were dismissed. Neither dismissal was appealed.

**Case No. 91 C 2453:** Petitioner filed another 60–1507 motion in Sedgwick County on August 23, 1991. This motion claimed ineffective assistance of counsel and prosecutorial misconduct. The ineffective assistance of counsel claim asserted that counsel did not [1] advise the petitioner that his decision not to present a defense was not intelligently made and "contradicted the purposes of counsel," [2] communicate the need to present mitigating circumstances, [3] investigate facts to form a defense, [4] seek advice or guidance from an experienced attorney, [5] make an opening or closing statement or cross-examine witnesses, [6] ascertain the accuracy of the presentence investigation report, [7] advise the court that the Journal Entry in 71CR7915 should reflect that petitioner aided and abetted rather than committed a murder, or [8] file motions [a] contesting the voluntariness of the consent to enter the home, [b] challenging probable cause for arrest, [c] requesting a *Jackson v. Denno* hearing, [d] challenging the admissibility of evidence seized from petitioner's home and car, [e] challenging competency of Phillip Trissal as a witness, [f] requesting a change of venue, [g] requesting postponement of the trial, [h] challenging accuracy of competency report, [i] challenging accuracy of the presentence investigation report, and [j] requesting a hearing to modify sentence. The claim of prosecutorial misconduct asserted that the prosecutor withheld information that a psychiatric report was to be completed for Trissal. The court dismissed the motion on November 12, 1991, as an abuse of remedy. (Doc. 6, Tab F). Petitioner did not appeal.

**Case No. 95 C 695:** The petitioner filed once more prior to the current filing. He filed a 60–1507 post-conviction motion in Sedgwick County on March 9, 1995. The petitioner's ineffective assistance of counsel claim asserted

■ his attorney did not pursue a viable insanity defense, [2] no motion was made to determine the legality of the arrest, [3] no motion was made to determine if evidence was properly seized, [4] no motion was made to determine the competency of Trissal as a witness, [5] no *Jackson v. Denno* motion was made to determine the voluntariness of the petitioner's confession, and [6] no appeal from the original conviction was ever made. The motion was denied on June 11, 1996, for abuse of remedy. (Doc. 6, Tab G). The Kansas Court of Appeals affirmed the decision. *Hume v. State,* No. 78,623, [961 P.2d 73] (Kan.Ct.App. July 17, 1998). (*see* attachment to Doc. 5). The Kansas Supreme Court denied a petition for review on September 14, 1998.

(R & R at 2–8).

## II. PETITIONER'S CLAIMS

Petitioner initially raised three claims within his original 28 U.S.C. § 2254 petition. Petitioner, however, sought dismissal of the first claim (denial of due process), which was granted on September 21, 1999 (Doc. 11). Two claims, therefore, survived for Magistrate Judge Walter's consideration: (1) whether petitioner was denied his Sixth Amendment right to effective assistance of counsel and (2) whether petitioner was denied a fair trial, as guaranteed by the Fourteenth Amendment, as a result of prosecutorial misconduct.

## III. STANDARD OF REVIEW

The standard for district court review of a magistrate judge's R & R is contained in 28 U.S.C. § 636, which provides as follows:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). As stated in the Code, the district court must make a *de novo* determination regarding the portions of the R & R to which objections have been filed. *Id.*

Under 28 U.S.C. § 2254, a federal court is precluded from granting habeas relief on any claim adjudicated by a state court, unless the state court's proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor,* 529 U.S. 362, 405–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (construing the review standard in 28 U.S.C. § 2254).

■ A state court's decision is "contrary to" an established federal law if the state court reaches a different result than the Supreme Court would when presented with facts that are "materially indistinguishable from a relevant Supreme Court precedent" or if the state court "applies a rule that contradicts the governing law set forth in Supreme Court cases." *Williams,* 529 U.S. at 405, 120 S.Ct. 1495.

■ Additionally, the Supreme Court has clearly dictated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Federal habeas actions do not provide relief for errors of state law. *See id.* (citing *Lewis v. Jeffers,* 497 U.S. 764,

780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

## IV. DISCUSSION

Petitioner objects to Magistrate Judge Walter's conclusion regarding the procedural viability of his claims, so the court will look anew at this issue.

### A. Procedural Default and Exhaustion Doctrines

■■■ Magistrate Judge Walter found both of petitioner's claims to be procedurally barred. The procedural bar arises from the "independent and adequate" state ground doctrine. *Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* In the federal habeas context, the "state judgment rests on independent and adequate state procedural grounds." *Id.* at 730, 111 S.Ct. 2546 (citing *Wainwright v. Sykes,* 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Ulster County Court v. Allen,* 442 U.S. 140, 148, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)). To determine whether the state procedural ground was "independent," the federal habeas court must determine that the last state court's decision clearly and expressly stated that its ruling rested upon a state procedural bar. *See Church v. Sullivan,* 942 F.2d 1501, 1506 (10th Cir.1991) (citing *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). To be considered "adequate," the state procedural rule implicated must be one, which is "strictly and regularly followed" by the state court.

*Messer v. Roberts,* 74 F.3d 1009, 1015 (10th Cir.1996).

■■■ The procedural default doctrine does contain an exception.[1] If the petitioner shows both "cause" for his state-court default and "prejudice" therefrom, the federal court may consider the claim's merits. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

The R & R also discusses the interplay between the exhaustion requirement and the procedural bar doctrine. As a starting point, the court recognizes the general rule that a state habeas petitioner seeking review by a federal court must, prior to presenting his claims to the federal court, properly exhaust his claims before the state courts. 28 U.S.C. § 2254(b)(1)(A). *See also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

■■■ There are circumstances, however, when this general rule collides with the procedural default doctrine, or, as the R & R describes it, a petitioner's claims may be subject to "anticipatory procedural default." (R & R at 9). This situation arises wherein a petitioner has failed to properly exhaust his claims within the state system, but the state court to which the claims must be sent would, if the claims were

---

**1.** There is a second exception, which Magistrate Judge Walter also found to be inapplicable. (R & R at 15). A federal habeas court may reach the merits of a state-defaulted federal claim when the petitioner demonstrates failure to consider the claim would result in a

fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. Petitioner levies no objection to this finding, so the court declines review. In the alternative, the court agrees petitioner has not made a threshold showing of innocence.

placed before them, deny to consider the claims' merits because the claims are procedurally barred under state law. *See Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992). In these circumstances, the claims are also considered procedurally barred for purposes of federal habeas review. *Id.*

Having identified the relevant procedural doctrines, the court will now turn to their application in the present case.

## B. Application of Doctrines

■ Magistrate Judge Walter concluded that "[a]ll claims raised by petitioner herein were raised either in his last state post-conviction proceeding (Case No. 9 5C 695) or in Case No. 83 C 3428 or Case No. 91 C 2453." (R & R at 9). Petitioner makes no objection to this finding, and after review, the court agrees with the conclusion.

As the extensive procedural history of this case reveals, the Kansas courts have time and time again held that petitioner's post-conviction claims have run afoul of the "abuse of remedy" procedural bar. In 1998, as the last state court to consider petitioner's claims, the Kansas Court of Appeals made clear it rejected his claims based on this procedural doctrine. *Hume v. State*, No. 78,623 at 2, 961 P.2d 73 ("All of the issues presented in Hume's current motion have been presented and addressed

in prior K.S.A. 60–1507 proceedings. No exceptional circumstances justify the court entertaining this latest motion. The trial court properly dismissed this case as an abuse of remedy.").

In addition, although objected to by petitioner, the court agrees that the "abuse of remedy" procedural bar is strictly and regularly followed by the Kansas courts. Kansas courts routinely employ the rule in rejecting successive post-conviction motions absent "exceptional circumstances." *See Dunlap v. State*, 221 Kan. 268, 559 P.2d 788 (1977); *Brooks v. State*, 25 Kan. App.2d 466, 966 P.2d 686 (1998). Therefore, unless petitioner can demonstrate both cause and prejudice, the court will find both of petitioner's claims procedurally defaulted for purposes of federal habeas review.

### 1. Ineffective Assistance of Counsel

Petitioner began alleging deficiencies with his trial counsel in his first § 1507 motion filed in 1983. In Case No. 83 C 83428, petitioner claimed his counsel was ineffective for failing to allege petitioner was "nuts." [2] In his present request, petitioner alleges eight separate instances of ineffective representation.[3]

---

2. Contrary to petitioner's assertion, the trial court reached the merits of this claim when it stated: "The court files and records show the Movant['s] competency to stand trial was raised by his trial counsel, and that Movant was found to be competent by this court." *Hume v. State*, No. 83 C 3428 at 2 (Kan. Dist. Ct. Sedgwick County Feb. 6, 1984). Petitioner failed to appeal this adverse ruling.

3. In total, petitioner levies the following allegations of deficient representation:
   1. No motions were filed to test relevancy and admissibility of the evidence and testimony.
   2. A Brady request was not filed with the District Attorneys Office.

3. A motion was not filed to postpone the trial to await the results of Hume's co-defendant's psychiatric evaluation.
4. A defense was not presented for Hume.
5. Hearsay testimony about prior felony convictions was not supported by the admission of records by a custodian of the court documents.
6. Hume had a mental history. A defense of temporary insanity or mental responsibility was feasible.
7. No appeal was filed for Hume.
8. The attorney had a conflict of interest. (Pet. at 8). The court has interpreted allegation number seven as a claim of ineffective assistance of appellate counsel.

Within petitioner's successive § 1507 motions filed after 1983, petitioner raised the various claims of ineffective assistance of counsel presented in the instant request. After considering the merits of petitioner's first claim of ineffective counsel, however, the state courts refused to reach the merits of the new allegations embodied within the subsequent § 1507 motions. The rationale for this decision was explained by the trial court in Case No. 90 C 991:

> The Movant has filed two prior motions pursuant to K.S.A. 60–1507. In one, he alleged ineffective assistance of counsel. See Sedgwick County Case No. 83 C 3428. He is presumed to have listed, in that motion, all of his claims concerning the alleged deficient performance of counsel. *Lee v. State,* [207 Kan. 185, 483 P.2d 482 (Kan.1971)]. Movant's assertion that because of his ignorance of the law he could he was not able to recognize and present all of his claims concerning the alleged deficient performance of counsel in his earlier 60–1507 motions does not constitute an exceptional circumstance warranting consideration of this successive motion to vacate sentence. *See White v. State,* [, 222 Kan. 709 568 P.2d 112 (Kan.1977)]. This motion should be and is hereby dismissed as an abuse of remedy.

*Hume v. State,* No. 90 C 991 at 4 (Kan. Dist. Ct. Sedgwick County May 16, 1990). The court interprets this state procedural default as resting primarily on petitioner's failure to bring all of his ineffective assistance of counsel claims together in his original § 1507 motion.[4]

▮▮▮▮▮ Within his objections to the R & R, petitioner identifies four possible causes for his procedurally default. First, petitioner alleges his attorney caused the default by failing to advise him of his right to appeal. This alleged cause was also sufficiently presented in petitioner's filings before Magistrate Judge Walter. The R & R contains the following discussion and decision regarding this submitted cause:

> Petitioner claims his attorney caused the procedural default by failing to advise him of his right to appeal. This specific ineffective assistance of counsel claim was found to be procedurally barred in *Hume v. State,* No. 78,623, [961 P.2d 73] (Kan.Ct.App. July 17, 1998). The Supreme Court in *Edwards v. Carpenter,* 529 U.S. 446, 451, [120 S.Ct. 1587, 146 L.Ed.2d 518] (2000) held that before "ineffective assistance of counsel" may be advanced as cause for the procedural default of another claim, counsel's ineffectiveness must have been presented to the state courts in accordance with state law. If the ineffective assistance of counsel claim was not heard by the state court because of a state procedural rule, petitioner must demonstrate cause and prejudice with respect to that claim before it may be considered as cause to excuse the procedural bar of any other claim. *Id.* at 453, [120 S.Ct. 1587]. *As petitioner offers no "cause" for not raising this issue in his first motion for post-conviction relief, the alleged ineffectiveness of counsel in not filing a direct appeal offers no relief to the state procedural bar.*

(R & R at 13–14) (emphasis added). In response to Magistrate Judge Walter's determination, petitioner now proffers he did not bring the ineffective assistance of appellate counsel claim in his original § 1507 motion because based on the status of constitutional law in 1983, his claim was unavailable. A change in controlling law

---

4. The Kansas Supreme Court noted that the limitation on successive post-conviction motion is necessary for "some degree of finality in the criminal process in order to prevent the endless piecemeal litigation in both the state and federal courts." *Walker v. State,* 216 Kan. 1, 530 P.2d 1235, 1237–38 (1975).

may satisfy the cause requirement so excusing a petitioner's failure to raise the claim in an earlier proceeding. *See generally Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir.2001). "The standard is an objective one, asking not what a particular attorney or pro se petitioner actually knew but whether the claim was 'reasonably available' upon diligent inquiry." *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)). *See also Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (holding sufficient cause may exist where a claim is so novel that counsel could not reasonably be expected to raise it). Therefore, the test is whether in 1983 a claim of ineffective assistance of appellate counsel was reasonably available to petitioner.

In support of his argument, petitioner directs the court's attention to the case of *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In *Evitts*, the Supreme Court held criminal defendants have the right to effective appellate counsel on first appeals granted as a matter of right. *Id.* at 396, 105 S.Ct. 830. Therefore, petitioner asserts: "The petitioner's first motion was filed in 1983. *Evitts* was not decided until 1985. There was no way that he could have anticipated that occurrence for the purpose of including the allegations in his first post-conviction motion." (Pet'r Obj. at 5).

At first blush, it appears petitioner's position is meritorious, for clearly he could not rely on *Evitts* in 1983. However, petitioner's sole reliance on *Evitts* is misplaced, for prior to the Supreme Court's decision, the ineffective assistance of appellate counsel claim was reasonably available to petitioner. In a case of striking

similarity, the Tenth Circuit discussed the temporal availability of this claim. *Hannon v. Maschner*, 845 F.2d 1553, 1557 (10th Cir.1988). In *Hannon*, the circuit court stated:

> At the time Hannon was tried, the right to effective appellate counsel was unknown. Not until 1963 did the Supreme Court recognize that the Constitution guaranteed the accused an attorney at trial, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and on appeal, *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). For the first time in 1970, the Court explicitly recognized a right to the effective assistance of counsel at trial. *McMann v. Richardson*, 397 U.S. 759, 772 & n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The following year two claims of ineffective assistance of appellate counsel were filed in this court and we concluded such a right existed. *Hill v. Page*, 454 F.2d 679 (10th Cir.1971); *Jackson [v. Turner]*, 442 F.2d 1303 [ (10th Cir.1971) ].
>
> Given this development in the law, *Hannon could not reasonably have initiated an ineffective assistance of appellate counsel claim until sometime after 1970.*

*Id.* (emphasis added). *See also Gilbert v. Sowders*, 646 F.2d 1146, 1150 (6th Cir. 1981) ("standard that counsel render reasonably effective assistance is applicable on appeals of right") (citing *Anders v. California*, 386 U.S. 738, 745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). Thus, after a review of the state of the law in 1983, the court is convinced a criminal defendant in petitioner's position could have reasonably presented a claim for ineffective assistance of appellate counsel.[5] Petitioner's cause for

---

5. This determination finds support even within *Evitts*:

   A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney. This right is hardly novel. The petitioners in both *Anders v. California*, 386 U.S. 738, 87 S.Ct.

failing to bring the claim is rejected, so nullifying petitioner's attempt to use the failure to appeal as cause for the remaining procedurally defaulted claims.

Petitioner's second cause is once again related to a claim of ineffective assistance of counsel. Although petitioner's filings are somewhat convoluted on this issue, the court rejects any assertion that ineffective counsel contributed to petitioner's failure to bring all available allegations of ineffective trial counsel within his original § 1507 motion. It is well established that prisoners do not have the right to counsel in state post-conviction attacks. *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."). This rule applies even when the prisoner is alleging ineffective assistance of counsel for the first time. *Parkhurst v. Shillinger,* 128 F.3d 1366, 1371 (10th Cir. 1997) (rejecting argument prisoner had right to assistance of counsel during post-conviction proceeding because such proceeding was prisoner's first opportunity to raise claims of ineffective assistance of counsel). Without a right to counsel, the court must reject petitioner's attempt to use ineffective assistance of counsel as cause for his state procedural default.

In his third proffered cause, petitioner states he was unable to pursue effective review because certain trial transcripts or records were either destroyed or purposefully withheld. The cause standard requires a showing that an objective, external impediment prevented the petitioner from constructing or raising his claim. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Petitioner's allegation, however, is wholly devoid of any specifics identifying how the lack of such documents directly impeded his ability to bring all of his ineffective of assistance of counsel allegations in his original § 1507 motion. The fact petitioner was able to raise one claim of deficient representation in 1983 runs contrary to any assertion that the lack of transcripts impeded his ability to bring his remaining allegations.[6] *See Redd v. Marshall,* 110 F.3d 69 (9th Cir.1997) (table) (rejecting a finding of cause for failing to bring claims earlier when prisoner had knowledge of facts necessary to raise the claims even though certain trial transcripts were missing). The court, therefore, rejects petitioner's proffered cause.

Finally, petitioner attempts to demonstrate cause by alleging "interference by the trial court and Court of Appeals to prevent proceedings from occurring in Kansas courts wherein petitioner's claims would have been resolved." (Pet'r Obj. at 7). This argument fails to address or present any specific explanation regarding petitioner's failure to include all of his

1396, 18 L.Ed.2d 493 (1967), and *Entsminger v. Iowa,* 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967), claimed that, although represented in name by counsel, they had not received the type of assistance constitutionally required to render the appellate proceedings fair. In both cases, we agreed with the petitioners, holding that counsel's failure in *Anders* to submit a brief on appeal and counsel's waiver in *Entsminger* of the petitioner's right to a full transcript rendered the subsequent judgments against the petitioners unconstitutional. In short, the promise of *Douglas*

that a criminal defendant has a right to counsel on appeal—like the promise of *Gideon* that a criminal defendant has a right to counsel at trial—would be a futile gesture unless it comprehended the right to effective assistance of counsel.

*Evitts,* 469 U.S. at 396–97, 105 S.Ct. 830.

**6.** The court would also note that petitioner's status as a *pro se* prisoner or his assumed lack of formal legal education may not serve as cause for his failure to timely present all of his allegations. *Rodriguez v. Maynard,* 948 F.2d 684, 688 (10th Cir.1991).

ineffective assistance of counsel claims in his original § 1507 motion. To the extent petitioner was attempting to argue this position, the court rejects this proffered cause. Therefore, after review, the court finds no merit in any of petitioner's objections, so the court further finds petitioner has failed to sufficiently demonstrate cause for the procedural default of his ineffective assistance of counsel claim.

### 2. Prosecutorial Misconduct

 Petitioner's present prosecutorial misconduct claim revolves around the testimony and competency of his minor co-defendant. Specifically, petitioner alleges the prosecution withheld information regarding the psychiatric testing of petitioner's minor co-defendant. This claim, appearing first in Case No. 91 C 2453 and reasserted in Case No. 95 C 695, was finally rejected by the Kansas Court of Appeals as an abuse of remedy. *Hume v. State*, No.78,623 at 2, 961 P.2d 73. As cause for this procedural default, petitioner asserts the existence of the testing on Mr. Trissal was not discovered by petitioner or his counsel until after 1990. Assuming, *arguendo*, that such an explanation may serve as cause for petitioner's failure to raise this claim in his two § 1507 motions filed before 1990, the court finds this claim is still procedurally barred. Although petitioner raised the claim in his § 1507 motion in Case No. 91 C 2453, he failed to appeal this adverse ruling. Petitioner now offers no cause for his failure to appeal, so the court finds, under the authority cited above, this claim barred from review.

## V. CONCLUSION

Having determined petitioner failed to demonstrate sufficient cause for his procedural defaults, the court declines to continue its analysis into whether petitioner satisfied the prejudice requirement. Therefore, the court finds petitioner's objections lacking in merit, and the court further finds that Magistrate Judge Walter correctly decided all material issues concerning petitioner's request for habeas relief. Therefore, the court will adopt Magistrate Judge Walter's report and recommendation.

**IT IS THEREFORE BY THE COURT ORDERED** that the Report and Recommendation (Doc. 19) is accepted and adopted. Petitioner's habeas corpus petition is denied.