**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMAL R. WILLIAMS,

      Petitioner-Appellant,

v.

CHARLES SIMMONS; PHILL KLINE,
Attorney General of Kansas,

      Respondents-Appellees.

No. 05-3133

(D.C. No. 03-CV-3092-JAR)
(D.Kan.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Jamal R. Williams, a prisoner in the custody of the State of Kansas proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

Williams was convicted of aggravated battery in violation of Kan. Stat. Ann. § 21-3414(a)(1)(A) on June 6, 1996, following a jury trial in the District Court of Sedgwick County, Kansas. On August 26, 1996, the state district court sentenced Williams to 250 months' imprisonment based on an upward departure. Williams appealed his conviction to the Kansas Court of Appeals, arguing that his statutory and constitutional rights to a

speedy trial were violated. While his appeal was pending his counsel withdrew, and the court appointed counsel to continue his appeal. Appointed counsel sought leave to file a supplemental brief raising two additional issues on appeal. The Kansas Court of Appeals denied counsel's request and affirmed Williams' conviction. Williams filed a petition for review with the Kansas Supreme Court, which denied his request on September 10, 1998.

Williams subsequently filed four petitions for post conviction relief in state court pursuant to Kan. Stat. Ann. § 60-1507.[1] On February 1, 1999, Williams filed his first petition alleging ineffective assistance of appellate counsel for failing to raise two issues on appeal. The state district court denied the petition, finding that counsel was not deficient for raising issues that were without merit. Williams did not appeal this decision.

On October 1, 1999, Williams filed a second petition, alleging: 1) ineffective assistance of trial counsel for failing to object to certain jury instructions and the verdict form; and 2) ineffective assistance of appellate counsel for failing to raise these issues on appeal. The state district court denied the petition, finding that his successive petition constituted an abuse of remedy. The Kansas Court of Appeals affirmed, and Williams did not seek review by the Kansas Supreme Court.

In 2001, Williams filed a Motion to Correct Illegal Sentence and a third petition pursuant to Kan. Stat. Ann. § 60-1507, both alleging that his sentence violated the holding

---

[1] While Williams raised several issues in his post conviction motions, for purposes of review, we will discuss only the arguments Williams raised in the state petitions that are relevant to the arguments asserted in his federal habeas petition.

in Apprendi v. New Jersey, 530 U.S. 466, 471 (2000). The state district court held that Apprendi did not apply retroactively, and thus, did not apply to Williams's case. Williams appealed the denial of his motion, which the Kansas Supreme Court affirmed.[2] He did not appeal the denial of his third petition.

On March 19, 2002, Williams filed his fourth § 1507 petition, arguing ineffective assistance of appellate counsel for failing to file a supplemental brief asserting the two additional issues on appeal. The state district court dismissed the petition as an abuse of remedy. Williams appealed. The Kansas Court of Appeals affirmed, and the Kansas Supreme Court declined review.

On February 20, 2003, Williams filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. In the petition, Williams alleged ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and that the upward departure in his sentence violated Apprendi. Reviewing the decision of the last state court to hear Williams's claims, the district court denied his petition. The district court found that his ineffective assistance of counsel claims were barred by the procedural default doctrine because, under Kansas law, successive petitions on behalf of the same prisoner constitute an abuse of remedy. The district court also concluded that the abuse of remedy doctrine was an independent and

_____

[2] The record is unclear as to the disposition of this issue by the Kansas Court of Appeals.

3

adequate state law ground, that Williams failed to show cause and prejudice to excuse the default, and that he failed to demonstrate that review was necessary to prevent a fundamental miscarriage of justice. As to Williams's Apprendi claim, the district court held that Apprendi did not apply retroactively, and thus, Williams failed to show that the state court violated a constitutional right in applying an upward departure in sentencing. Williams filed an application for a COA, but the district court did not act on the application.

This court can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 336. Williams is not required to prove the merits of his case, but he must nonetheless demonstrate "something more than the absence of frivolity" or the mere existence of good faith on his part. Id. at 338 (quotations omitted).

Generally, where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner" can show either "cause for the default and actual

4

prejudice," or, alternatively, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Williams's ineffective assistance of counsel claims are procedurally barred from this court's review.

Williams alleged ineffective assistance of appellate counsel in his first state habeas petition, and the state district court denied the petition on the merits. Williams did not, however, appeal this decision and has thus failed to exhaust his remedies. This court may grant a state prisoner federal habeas relief only after state remedies have been exhausted. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that exhaustion requires a state prisoner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Generally, when a petitioner fails to exhaust state court remedies, we will dismiss his or her federal habeas petition without prejudice to provide an opportunity to return to state court to pursue those remedies. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The general rule, however, does not apply here where the state court would now find Williams's claims procedurally barred on an independent and adequate state procedural ground. See Coleman, 501 U.S. at 735 (noting that where a "petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas . . .

5

.").  The state district court denied Williams's first petition in 1999; any appeal from that decision would be time-barred.  Further, as demonstrated by the state courts' resolutions of Williams's second and fourth petitions, any attempt to reassert the ineffective assistance of appellate counsel claim in yet another petition for post-conviction relief would be considered an abuse of remedy and thus procedurally barred under Kansas law.  Accordingly, his claim is procedurally defaulted for purposes of federal habeas review.

Williams's ineffective assistance of trial counsel is also barred from review.  Williams did not raise this claim in his first petition, and instead, chose to raise the issue in his second and fourth filings.  Kansas Supreme Court Rule 183(d), however, prohibits a sentencing court from considering a successive petition on the same ground presented in a prior petition that failed on the merits and where "justice would not be served by reaching the merits of the subsequent" petition.  Thus, absent exceptional circumstances, the sentencing court may dismiss a successive motion on the ground its use constitutes an abuse of remedy.  Lee v. State, 207 Kan. 185, 483 P.2d 482 (1971); Brooks v. State, 25 Kan. App.2d 466, 467-68 (Kan. App. 1998).  We agree with the district court; Williams's ineffective assistance of trial counsel claim was properly denied on an independent and adequate state law ground.  Williams's successive filing of petitions constituted an abuse of remedy, and Williams did not demonstrate exceptional circumstances that would permit reaching the merits.

Moreover, Williams has not demonstrated cause and prejudice for his default on

his ineffective assistance of counsel claims, nor has he articulated any facts suggesting that failure to consider the claims will result in a fundamental miscarriage of justice (i.e., Williams has not demonstrated any facts suggesting that he actually may be innocent).

We also agree with the district court on Williams's Apprendi claim; Apprendi does not apply retroactively to habeas petitions. United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002). The Apprendi decision was issued on June 26, 2000. Williams's conviction became final on December 9, 1998, ninety days after the Kansas Supreme Court denied review. See Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987) (noting that a conviction is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied") (citation omitted); Sup. Ct. R. 13 (a petition for a writ of certiorari is timely when filed within ninety days after entry of judgment). Because Williams's conviction became final before the Apprendi decision, Williams has failed to make "a substantial showing of the denial of a constitutional right."

Accordingly, Williams's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7