NOT DESIGNATED FOR PUBLICATION

No. 123,283

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY RAY BARNES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed November 24, 2021. Affirmed.

*Richard C. Paugh*, of Pate & Paugh, LLC, of Wichita, for appellant.

*Brittany N. Paschal*, legal intern, *Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., POWELL and CLINE, JJ.

PER CURIAM: Anthony Ray Barnes challenges the district court's summary denial of his second K.S.A 60-1507 motion. While he admits the district court correctly found his motion successive and untimely, he claims the court erred in finding he did not satisfy the exceptions to the one-year filing deadline and the statutory bar of successive motions. We find no error in the district court's analysis and affirm.

1

FACTS

Barnes walked into a gas station in 2006 and, after threatening a customer with a gun, shot and killed the front-counter employee, allegedly because of hallucinations caused by his schizophrenia. He was charged with first-degree murder and aggravated assault.

At trial, Barnes' counsel argued that Barnes was not criminally responsible for his actions because of his schizophrenia. This is known as the mental disease or defect defense or, more colloquially, the "insanity" defense. In his opening arguments, Barnes' counsel noted that Barnes was unable to receive his prescribed antipsychotic medication after moving back to Kansas in January 2006. He implied that this contributed to Barnes' inability to form the required intent for his criminal actions.

Midway through his jury trial, Barnes elected to waive his jury trial right and proceed with a bench trial. Barnes' counsel had originally planned to called Dr. John Wisner as an expert witness to establish that Barnes lacked the requisite intent for the crimes charged. Since Dr. Wisner had not yet testified, Barnes' counsel submitted Dr. Wisner's expert report instead. Ultimately, the district court rejected Barnes' defense and found him guilty of both counts.

Barnes appealed to the Kansas Supreme Court in 2008, which affirmed his convictions and sentences in 2011. *State v. Barnes*, 293 Kan. 240, 262 P.3d 297 (2011). Barnes raised several issues in that appeal, including, as relevant here, whether there was sufficient evidence to support Barnes' possession of the requisite mental state for first-degree premeditated murder and aggravated assault. 293 Kan. at 241.

Following his direct appeal, Barnes filed a timely pro se K.S.A. 60-1507 motion in 2012. In this first motion, he repeated allegations of three trial errors decided in his direct

appeal, along with a claim of ineffective assistance of counsel. The preprinted pro se K.S.A. 60-1507 motion form instructed Barnes to explain why he had not previously presented any new grounds for release. Barnes argued that he had not raised the new grounds he now asserted because of the ineffective assistance of his counsel and that "the medication I was not on or on before the shooting that the not [having] the drug induced my paranoid thoughts."

After the district court summarily dismissed Barnes' K.S.A. 60-1507 claims without an evidentiary hearing, Barnes appealed. This court affirmed the district court in part, reversed in part, and remanded with instructions to conduct an evidentiary hearing on Barnes' claim that his trial counsel was ineffective in failing to present a medical expert as a witness at trial as part of his mental disease or defect defense. *Barnes v. State*, No. 110,305, 2014 WL 7653859, at *1 (Kan. App. 2014) (unpublished opinion). The district court denied Barnes' motion after an evidentiary hearing, and this court affirmed its decision. *Barnes v. State*, No. 114,773, 2016 WL 6393386, at *1 (Kan. App. 2016) (unpublished opinion).

Barnes filed his current K.S.A. 60-1507 motion on March 20, 2020, alleging ineffective assistance of counsel, abuse of discretion by the trial judge, and prosecutorial misconduct. In his pro se filing, he repeated the claims of ineffective assistance which he raised in his first K.S.A. 60-1507 motion. The district court dismissed Barnes' motion as untimely and successive upon its own inspection of the motion, files, and records of the case.

ANALYSIS

As noted above, Barnes admits his K.S.A. 60-1507 motion was untimely and successive. That said, Barnes argues the district court should have held an evidentiary

3

hearing to prevent manifest injustice and because exceptional circumstances excuse his failure to raise his arguments in his first K.S.A. 60-1507 motion. We disagree.

When a district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to any relief. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

K.S.A. 2020 Supp. 60-1507(f)(1) provides that a defendant must bring a K.S.A. 60-1507 motion within one year of the termination of appellate jurisdiction. A district court may only extend this time limit to prevent manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). Under the manifest injustice standard, the outcome must be "'obviously unfair'" or "'shocking to the conscience." *Sherwood v. State*, 310 Kan. 93, 99-100, 444 P.3d 966 (2019). In determining whether summary dismissal of a motion would constitute manifest injustice, the court's inquiry is "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). If the court, upon its own inspection of the motions, files, and records of the case, determines dismissal of the motion would not be manifestly unjust, it must dismiss the motion as untimely filed. K.S.A. 2020 Supp. 60-1507(f)(3).

Barnes argues the district court should have heard his motion because he claims he only recently learned of the facts—the potential side effects of withdrawal from haloperidol—that justify his claim. While he admits he did not explain his belated filing to the district court, he argues the district court should have discerned his reason based on the exhibits that he attached to his motion. In support of this argument, Barnes cites the rule that pro se pleadings are to be liberally construed. Because we review the summary dismissal of a K.S.A. 60-1507 motion de novo, we can address Barnes' arguments based on the motions, files, and records of the case, even if they were newly raised.

Barnes claims that, before he committed the crimes at issue, he was unable to receive his prescription for haloperidol for a prolonged period. He argues that one of the side effects of sudden withdrawal from haloperidol is a return of psychotic symptoms and that this information should have been included as part of his mental disease or defect defense at trial, rendering his counsel's performance deficient. Barnes also argues the side effects of withdrawal prevented him from fully understanding the trial proceedings and that counsel did not raise this issue at trial, further rendering his performance deficient.

Barnes claims he only recently learned about the possible side effects of haloperidol because (1) he did not have the computer skills to research these side effects, (2) he only recently obtained a copy of Dr. Wisner's report, and (3) neither his counsel nor Dr. Wisner told him about the possible side effects of haloperidol. He also seems to argue the medication he was prescribed while incarcerated affected his "mental awareness" and contributed to his inability to discover the possible side effects of haloperidol earlier.

*Sherwood* is instructive for assessing Barnes' claims. In that case, this court upheld the district court's summary dismissal of Sherwood's untimely K.S.A. 60-1507 motion. Sherwood filed a K.S.A. 60-1507 motion alleging ineffective assistance of trial and appellate counsel and various sentencing errors nearly two decades after his conviction had been upheld on direct appeal. Sherwood argued the district court had to hear his untimely motion to prevent manifest injustice, as the filing delay was caused by his learning disability, his inability to obtain legal assistance, and his inability to obtain record documents to support the motion. In finding Sherwood's reasons for delay unpersuasive, the court noted that Sherwood did not specify the nature and extent of his condition and did not explain how, after such a long period, he was able to finally enlist help from another inmate in filing his motion but was unable to obtain similar assistance during the previous 18 years. *Sherwood*, 310 Kan. at 101.

Barnes' excuses for the untimeliness of his motion are like those advanced by Sherwood. And, like Sherwood, Barnes does not explain why he was now able, over a decade after his conviction, to learn of the facts that prompt his claim. He does not argue there was some external impediment that prevented him from previously accessing this information. Rather, Barnes seems to imply that he eventually gained the computer skills and mental competency to either realize the existence of his claim or research the facts that formed its basis. Either way, he does not specify when or how this happened, and what prevented him from overcoming these impediments at an earlier date. Under *Sherwood*, this sort of explanation for a filing delay is unpersuasive. As a result, Barnes has not shown that the refusal to hear his claims leads to an outcome that is "obviously unfair" or "shocking to the conscience."

Furthermore, a review of the record here casts doubt on Barnes' claims of ignorance. First, Barnes claims that he only recently obtained a copy of Dr. Wisner's expert report. Yet, Barnes had a copy of this report as early as October 2015 because he introduced the report at the evidentiary hearing for his first K.S.A. 60-1507 motion. He also testified at the same hearing that he received and reviewed the report before the hearing. Additionally, Barnes' inability to receive his prescription for haloperidol in the months before the shooting, which led to a worsening of his schizophrenia, was a key component of the defense he presented at trial. Barnes also raised similar arguments in his first K.S.A. 60-1507 motion, in which he argued his inability to receive his haloperidol prescription induced his hallucinations.

In sum, we do not find the district court's summary denial of Barnes' untimely motion was manifestly unjust.

A district court may also refuse to hear a K.S.A. 60-1507 motion because it is a second or successive motion for similar relief on behalf of the same prisoner. K.S.A. 2020 Supp. 60-1507(c). "[T]he prohibition against successive motions under K.S.A. 60-

6

1507(c) bars not only claims actually raised in prior motions but also those claims that could have been raised." *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008); see *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.2d 788 (1977). When a K.S.A. 60-1507 movant sets forth grounds for relief, the movant is presumed to have listed all grounds on which he or she is relying, and a second K.S.A. 60-1507 motion, in which additional grounds for relief are alleged, may properly be denied as successive and an abuse of remedy. *Lee v. State*, 207 Kan. 185, 186, 483 P.2d 482 (1971). To avoid dismissal of a second or successive K.S.A. 60-1507 motion, the movant must show that exceptional circumstances exist. To make this showing, the movant must point to unusual events or intervening changes in the law that prevented him or her from raising the issue in the preceding K.S.A. 60-1507 motion. *Thuko*, 310 Kan. at 84.

Barnes' arguments about successiveness mirror those he makes as to timeliness. And they are just as unpersuasive here. He does not explain how he was now able to discover the facts underlying his motion but was unable to discover them before filing his first motion, nor does he point to any changes in the law or "unusual events" which justify his successive filing.

Barnes has not shown exceptional circumstances which would excuse the successive nature of his motion. We find no error in the district court's summary dismissal on this basis as well.

Affirmed.