No. 48,012

O'CHARLES E. DUNLAP, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(559 P. 2d 788)

Opinion filed January 22, 1977.

*Paul L. Thomas,* of Arvin, Arvin, Busey & Thomas, Chartered, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Robert L. Kennedy, Jr.,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: O'Charles E. Dunlap appeals from an order denying post-conviction relief by the sentencing court in a proceeding filed under K. S. A. 60-1507. Dunlap was convicted by a jury of first degree robbery and he was sentenced in 1970. No appeal was taken.

A motion to vacate under K. S. A. 60-1507 was filed in 1972 on

two grounds. First, Dunlap claimed the failure to place him in a line-up for identification prior to trial was prejudicial error, and second he claimed the jurors were coerced by the trial court when they were required to return to the jury room for further deliberation after it was disclosed one juror felt he was not guilty. A unanimous verdict was returned later.

On the 1972 motion filed both the sentencing court and this court on appeal denied relief. See *Dunlap v. State,* 212 Kan. 822, 512 P. 2d 484.

A second motion was filed by Dunlap in 1974. This is the motion with which we are now concerned. The sentencing court, after considering the motion and the files in the case, found that the motion was Dunlap's second motion, that no unusual circumstances or intervening changes in the law justifying the court to entertain such a motion were alleged and that the motion should be denied as an abuse of remedy.

Dunlap has again appealed to this court. He sets forth five separate points on appeal. His first two points are identical to those disposed of in the appeal on his first motion and are treated in *Dunlap v. State,* supra. His third point alleges a failure to instruct the jury at his trial that he did not have to take the witness stand. This instruction was given in substance as the court's instruction No. 16. As his fourth point he alleges error in submitting an instruction on aiding and abetting. He objects, "not so much in the wording" of the instruction but objects to the manner in which it was given. As his fifth point he claims error in the admission of evidence of prior crimes. The record indicates these crimes were stipulated and used only to enhance the penalty under the habitual criminal statute. The prior crimes were not admitted in evidence to establish guilt.

Trial errors are to be corrected by direct appeal. See *Dunlap v. State,* supra, and cases cited therein. When there are exceptional circumstances excusing the failure to appeal, trial errors affecting constitutional rights may be raised by proceeding in accordance with K. S. A. 60-1507, even though the errors could have been raised by appeal. (Rules of the Supreme Court, Rule No. 121 [c].)

The proceedings authorized by K. S. A. 60-1507 provide a vehicle when no direct appeal has been taken for examining trial proceedings in those cases where it appears there may have been errors affecting constitutional rights and resulting in a miscarriage of justice. K. S. A. 60-1507 (c) provides:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

A second motion has been entertained in a few cases under limited circumstances. The sentencing court should not entertain a second or successive motion for relief under K. S. A. 60-1507 on behalf of the same person unless the errors affect constitutional rights and there are exceptional circumstances which justify entertaining a second or successive motion. (Rules of the Supreme Court, Rule No. 121 [d].)

Exceptional circumstances as required to justify entertaining a second or successive motion are those unusual events or intervening changes in the law which prevented the movant from being aware of and raising all of his alleged trial errors in his first post-conviction proceeding, and they must be such that the ends of justice can only be served by reaching the merits of the subsequent application. (Hacker v. State, 207 Kan. 195, 483 P. 2d 484.) Unless exceptional circumstances are shown the sentencing court may properly dismiss a second or successive motion filed under K. S. A. 60-1507 on the ground its use constitutes an abuse of remedy. (K. S. A. 60-1507 [c]; Lee v. State, 207 Kan. 185, 483 P. 2d 482. See also Salinger v. Loisel, 265 U. S. 224, 68 L. Ed. 989, 44 S. Ct. 519, and Wong Doo v. United States, 265 U. S. 239, 68 L. Ed 999, 44 S. Ct. 524.)

It is clear from a review of the record in this case that the errors claimed are no more than possible trial errors. They do not affect the constitutional rights and no exceptional circumstances were alleged in the motion to justify entertaining this second post-conviction motion. Some degree of finality in the criminal appeal process must be achieved to prevent endless piecemeal litigation in both the state and federal courts. The time consumed and wasted by piecemeal litigation impedes the dispatch of business in the courts. Under the facts and circumstances appearing in this record the filing of the second successive motion constituted an abuse of remedy and the district court was justified in denying the motion for abuse of the remedy as authorized in K. S. A. 60-1507 (c) and the rules of this court, Rule No. 121 (d). The order of the trial court denying the motion is affirmed.