NOT DESIGNATED FOR PUBLICATION

No. 112,599

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COY MATHIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 2, 2015. Affirmed.

*Coy Mathis*, appellant pro se.

*Sheryl L. Lidtke*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER, J., and WILLIAM R. MOTT, District Judge, assigned.

*Per Curiam:* We affirm the district court's denial of Coy Mathis' K.S.A. 60-1507 motion because it was procedurally barred.

*The issues here have been litigated before.*

Coy Mathis was convicted of felony murder in 2001. After a remand hearing in the district court, the Supreme Court, in his direct appeal, considered Mathis' claims of

1

trial counsel ineffectiveness. The court affirmed his conviction in 2006. While that appeal was pending, a K.S.A. 60-1507 motion that Mathis filed was dismissed because it raised the same issues of counsel ineffectiveness brought in the direct appeal. After that, Mathis sought habeas corpus relief in federal court but was unsuccessful.

He went back to state court in 2010 and filed another K.S.A. 60-1507 motion. The district court denied relief after it concluded the motion was successive and untimely. This dismissal was affirmed by a panel of this court in *Mathis v. State*, No. 107,525, 2013 WL 781111, at *2-3 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1203 (2013). This court also considered three allegations of ineffective assistance of appellate counsel and found appellate counsel's actions at the *Van Cleave* hearing were not deficient. *Mathis*, 2013 WL 781111, at *3-4.

Just before the Kansas Supreme Court denied Mathis' petition for review in *Mathis*, 2013 WL 781111, he filed a K.S.A. 60-1507 motion in May 2013 that is the subject of this appeal. In this motion, Mathis alleged his appellate counsel provided ineffective assistance and that the district court lacked subject matter jurisdiction to consider the 2003 K.S.A. 60-1507 motion while Mathis' direct criminal appeal was pending before the Kansas Supreme Court. Mathis argued that both the district court and this court in *Mathis*, 2013 WL 781111, when considering his 2010 K.S.A. 60-1507 motion, "ignored this jurisdictional issue," which Mathis claims rose to the level of manifest injustice to allow the extension of the 1-year time limitation. The State responded that Mathis' K.S.A. 60-1507 motion was both untimely and successive.

The district court summarily denied Mathis' motion. The court's denial did not address the merits of Mathis' claims. The district court concluded that: (1) the motion was untimely and Mathis failed to establish manifest injustice to permit the motion to be filed more than a year after his direct appeal had become final; and (2) the motion was successive because Mathis had filed a previous K.S.A. 60-1507 motion in 2010.

*This motion is procedurally barred.*

To us, Mathis claims the district court had no subject matter jurisdiction over his 2003 K.S.A. 60-1507 motion while his direct appeal was pending before the Supreme Court, contrary to Supreme Court Rule 183(c)(2) (2014 Kan. Ct. R. Annot. 285). Therefore, in his view, the district court erred in finding this jurisdictional error was without merit. He now asks this court to reverse the order dismissing his 2013 K.S.A. 60-1507 motion and permit him to file yet another K.S.A. 60-1507 motion.

There are two reasons we reject this request. First, even if we assume that the district court lacked jurisdiction to consider his 2003 K.S.A. 60-1507 motion, this would still be his second proceeding under K.S.A. 60-1507. In a K.S.A. 60-1507 proceeding, the district court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]).

A second or successive motion for relief under K.S.A. 60-1507 need not be considered in the absence of a showing of circumstances justifying consideration of such a motion. *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977). Such exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise all of the claimed trial errors in the preceding K.S.A. 60-1507 motion. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011); see Supreme Court Rule 183(d) (2014 Kan. Ct. R. Annot. 285). Absent a showing of exceptional circumstances, the district court can dismiss a second or successive K.S.A. 60-1507 motion as an abuse of remedy. *Kelly*, 291 Kan. at 872.

Mathis' K.S.A. 60-1507 motion neither acknowledged his burden to show circumstances justifying consideration of his successive motion nor made any arguments to support a finding of exceptional circumstances. In addition, Mathis raises no

arguments on appeal in defense of his successive K.S.A. 60-1507 motion. The filing of the successive motion constituted an abuse of remedy. The district court properly declined to review Mathis' claims because they were advanced in a successive motion under K.S.A. 60-1507.

In addition, Mathis raised the identical jurisdictional argument in his appellate brief before this court in *Mathis,* 2013 WL 781111, and in his motion for rehearing under Supreme Court Rule 7.05 (2014 Kan. Ct. R. Annot. 69). This court considered and rejected his argument on both occasions. Issues raised and previously decided in prior K.S.A. 60-1507 motions, or that could have been presented but were not, are res judicata and cannot be raised in subsequent motions. *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012).

Our second reason for rejecting his argument is the time limit. Under K.S.A. 60-1507(f)(1), a criminal defendant has 1 year from when his or her conviction becomes final to file a motion under K.S.A. 60-1507(a). The Kansas Supreme Court issued its mandate in Mathis' direct appeal in April 2006. Mathis did not file this K.S.A. 60-1507 motion until May 2013. Because Mathis filed this K.S.A. 60-1507 motion clearly out of time, he must show that an extension of that deadline was necessary to prevent a manifest injustice. K.S.A. 60-1507(f)(2); *Kelly*, 291 Kan. at 873. The phrase "manifest injustice" has been interpreted to mean circumstances that are "obviously unfair" or "shocking to the conscience." *Kelly*, 291 Kan. at 873. Mathis makes no argument concerning manifest injustice; thus, his K.S.A. 60-1507 proceeding is procedurally barred because of the 1-year time limitation.

While it is true that subject matter jurisdiction can be raised at any time, there must be a procedural mechanism for presenting the jurisdictional argument to the court. A K.S.A. 60-1507 motion is the mechanism for postconviction relief from the judgment

of conviction and, as we have discussed, that mechanism is not available to Mathis. In *Trotter*, our Supreme Court found that a movant could not use a K.S.A. 60-1507 motion to present a subject matter jurisdiction argument for the first time when the movant is procedurally barred from using a K.S.A. 60-1507 motion. 296 Kan. at 905.

The district court did not err in summarily denying Mathis' motion under K.S.A. 60-1507.

Affirmed.