NOT DESIGNATED FOR PUBLICATION

No. 112,553

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DOUGLAS K. KEESEE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 18, 2015. Affirmed.

*Michael J. Nichols*, of Michael J. Nichols, P.A., of Kansas City, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON, J., and HEBERT, S.J.

*Per Curiam*: Douglas K. Keesee appeals from the order of the district court summarily dismissing his K.S.A. 60-1507 motion as successive. We affirm that judgment.

*Factual and Procedural Background*

In 1991, Keesee pled guilty to 16 counts of aggravated robbery and 2 counts of kidnapping. The district court imposed a controlling prison sentence of 60 years to life. The Kansas Supreme Court affirmed the conviction and sentence. See *State v. Keesee*,

No. 67,970, unpublished opinion filed December 10, 1993 (Kan.). In 1993, Keesee filed a motion to modify his sentence which was also denied by the district court. The Kansas Supreme Court affirmed the denial. See *State v. Keesee,* No.71,989, unpublished opinion filed April 21, 1995 (Kan.).

Keesee next filed a motion for habeas corpus relief pursuant to K.S.A. 60-1507, although the exact timing is not clear. The district court denied the motion, and the ruling was affirmed by this court. See *Keesee v. State,* No 75,733, slip op. at 3, 8, 9, unpublished opinion filed July 11, 1997, *rev. denied* 262 Kan. 961 (1997). Although this first motion is not included in the record of this appeal, it can be gleaned from the court's opinion that the issues presented were that the district court allegedly erred by failing to inform him of his right to withdraw his plea if the court did not follow the plea agreement and that his attorney was allegedly ineffective in several respects. See *Keesee*, No. 75,733, slip op. at 2.

On September 14, 2001, Keesee filed a second K.S.A. 60-1507 motion, in which he alleged that the district court violated his due process rights at sentencing by not allowing him access to the presentence investigation report and by not allowing him to question the sentencing procedure. This motion languished in the district court until it was denied for failure to prosecute. On appeal, this court reversed the dismissal and remanded the case for reconsideration by a different district judge. See *Keesee v. State*, No. 103,974, 2011 WL 4716345 (Kan. App. 2011) (unpublished opinion). Following the remand, the new district judge determined that the motion was successive and that Keesee had failed to allege or establish any exceptional circumstances that would justify review of the sentencing issues presented.

Keesee appeals from the summary denial of his motion.

*The Second K.S.A. 60-1507 Motion Was Properly Dismissed as Successive.*

Keesee argues the district court erred in summarily denying his K.S.A. 60-1507 motion. Specifically, Keesee argues that the court should not have found his motion successive because the issue raised therein—that his due process rights were violated because he was not given the opportunity to review the presentence investigation in his case—has never been litigated on its merits.

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

In a K.S.A. 60-1507 proceeding, the district court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). A second or successive motion for relief under K.S.A. 60-1507 need not be considered in the absence of a showing of exceptional circumstances justifying consideration of such a motion. *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977). Such exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise all of the claimed trial errors in the preceding K.S.A. 60-1507 motion. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). Absent a showing of exceptional circumstances, the district court can dismiss a second or successive K.S.A. 60-1507 motion as an abuse of remedy. *Kelly*, 291 Kan. at 872.

In his current K.S.A. 60-1507 motion, Keesee neither acknowledges his burden to show circumstances justifying consideration of this successive motion nor does he suggest any arguments to support a finding of exceptional circumstances. Instead, he argues that the current motion should not be construed as successive because even though

he has previously challenged his sentences on direct appeal and in his prior K.S.A. 60-1507 motion, no court has ever considered the specific issue he raises in the current motion. Keesee claims that he did raise the current sentencing issue in his first K.S.A. 60-1507 motion, but that the district court failed to rule on it. However, neither that prior motion nor the district court's ruling denying the motion is included in the record on appeal. As the party claiming error, Keesee has the burden of designating a record that affirmatively shows prejudicial error. *State v. Bridges,* 297 Kan. 989, 1001, 306 P.3d 244 (2013). Keesee also fails to suggest any reason why the district court's alleged failure to rule upon the issue was not presented to this court on his appeal from the denial of his first motion. Simply put, the record before us is insufficient to support a conclusion that the current sentencing issue was raised and unresolved in the prior proceeding.

Our Supreme Court has repeatedly recognized that the prohibition against successive motions under K.S.A. 60-1507(c) bars not only claims actually raised in prior motions but also those claims that could have been raised in a prior motion. See *Dunlap,* 221 Kan. at 269-70. In *Trotter,* 296 Kan. 898, Syl. ¶ 2, the principle was succinctly stated: "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." See also *State v. Martin,* 294 Kan. 638, 640-41, 279 P.3d 704 (2012), *cert. denied* 134 S. Ct 114 (2013) (again holding that issues raised and previously decided in prior K.S.A. 60-1597 motions, or that could have been presented but were not, are res judicata and cannot be raised in subsequent motions).

Keesee has provided us with no exceptional circumstances under which the district court should have entertained his current, successive K.S.A. 60-1507 motion. The district court properly dismissed the motion, and we affirm that judgment.

Affirmed.

4