NOT DESIGNATED FOR PUBLICATION

No. 117,969

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LEE ANDREW MITCHELL-PENNINGTON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed April 27, 2018. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and GARDNER, JJ.

PER CURIAM: Lee Andrew Mitchell-Pennington appeals from the district court's summary denial of his sixth K.S.A. 60-1507 motion. The district court denied this motion as being res judicata, successive, and untimely. The district court also held that the claims failed on the merits. Upon our review, we conclude the motion is procedurally barred based on the three grounds cited by the district court. Accordingly, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

A jury found Mitchell-Pennington guilty of three counts of aggravated robbery and one count of aggravated burglary. He appealed and our court affirmed the convictions in *State v. Mitchell-Pennington*, No. 103,094, 2011 WL 4031485, (Kan. App. 2011) (unpublished decision). As found by our court:

"In the early morning hours of October 5, 2008, Jeremy Mireles, Emilio Alva, and Joshua Little were in the apartment shared by Mireles and Alva on Alabama street in Lawrence. Mireles was in his bedroom, and Alva and Little were in the living room area. Mireles heard a knock on the door and he thought it was his girlfriend and Alva's girlfriend, so he headed for the living room. As Little opened the door, four men rushed into the apartment.

"The perpetrators attempted to hide their identities. Three of them wore bandanas covering the lower half of their faces and the fourth had a hood around his head. Mireles immediately recognized one of the perpetrators as Pennington because he had gone to school with him. Mireles recognized another one of the perpetrators as Dominic, an acquaintance who had been at the apartment to hang out just a few days before. Mireles testified that both Pennington and Dominic had guns and that Pennington made Mireles lay face down on the couch and then he put the gun to the back of Mireles' head. Mireles recognized the third man as D'Armon, a friend. Mireles testified that one of the burglars referred to Pennington as 'Lee' and then said, 'My bad L. My bad.'

"Mireles further testified that the men stole two Xboxes, a flat-screen TV, two laptops belonging to the two girlfriends, two cell phones, and Mireles' wallet. He testified the entire episode took about 10 minutes. Little testified the episode took 30 minutes. The burglars threatened to harm the three men if they called the police. After the burglars left, Mireles, Alva, and Little were scared and did not immediately call the police. They picked up their girlfriends and drove out to the country to talk about what to do. They eventually called the police 2 hours later, around 5 a.m. In his first interview with the police, Mireles said that he did not know the identity of the perpetrators. However, the second time he went to the police station, he told police that he knew the perpetrators and gave their names.

2

"On cross-examination at trial, Mireles admitted to drinking two beers on the night in question and also smoking some marijuana. Mireles admitted to not immediately calling the police and not identifying Pennington until the second interview he had with police. Defense counsel also questioned Mireles on his inconsistency regarding how many of the men had guns. Mireles testified that the only lights on in the apartment were the kitchen stove light and the blue screen from the TV.

"Both Little and Alva gave a similar account of the events on the evening in question. Alva testified that he too recognized Pennington and D'Armon as two of the burglars. Alva had also gone to school with Pennington and had seen him most recently a week before the incident. Alva said he also heard one of the men call Pennington by the name 'Lee' and that when Pennington yelled back at them to not call him by name, Alva recognized Pennington's voice as well.

"In addition to the testimony from the victims, the State also presented significant testimony from Pennington's sister, Lashell Mitchell. She testified that Pennington and another man came to her apartment on October 9, 2008, and told her essentially that they had been involved in a 'lick' a few days before at an apartment on Alabama Street in Lawrence. She took the term 'lick' to mean a home invasion. They also told her they had taken a flat-screen television and other items." 2011 WL 4031485, at *1-2.

Relevant to this appeal, on February 25, 2014, Mitchell-Pennington filed his first K.S.A. 60-1507 motion, wherein he alleged, among other claims, that his appellate counsel was ineffective because she failed to raise several instances of trial errors and prosecutorial misconduct. Additionally, Mitchell-Pennington argued that a signed affidavit from his codefendant was newly discovered evidence. In the document, Dominic Gaston admitted to his involvement in the robbery and claimed that Mitchell-Pennington was innocent of any wrongdoing. The document was signed on June 21, 2010.

Our court affirmed the district court's summary denial of Mitchell-Pennington's first K.S.A. 60-1507 motion. See *Mitchell-Pennington v. State*, No.115,407, 2017 WL 1104599 (Kan. App. 2017) (unpublished decision), *rev. denied* 306 Kan. 1319 (2017). In affirming the district court's ruling, our court held that Gaston's purported affidavit was

insufficient as to the proper form of an affidavit, and it was not newly discovered evidence. 2017 WL 1104599, at *12.

Pending our court's decision on his first K.S.A. 60-1507 motion, Mitchell-Pennington filed additional K.S.A. 60-1507 motions. The sixth motion—which is the subject of this appeal—was filed on February 18, 2016. The district court summarily denied this motion and Mitchell-Pennington appeals.

SUMMARY DENIAL OF SIXTH K.S.A. 60-1507 MOTION

A district court has three options when presented with a K.S.A. 60-1507 motion: It can summarily dismiss the motion if the "motion, and the files and records of the case conclusively show that the prisoner is entitled to no relief," hold a preliminary hearing and deny the motion if there are no substantial issues presented, or conduct a full evidentiary hearing on the issues. K.S.A. 2017 Supp. 60-1507(b); *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). When the district court summarily denies a K.S.A. 60-1507 motion, our court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881. Accordingly, our review is de novo.

As a preliminary matter, Mitchell-Pennington claims the district court erred because it did not review the motions, files, and records as required by K.S.A. 2017 Supp. 60-1507(b). This assertion is not supported by the record. In its five-page memorandum decision, the district court explained that it "reviewed the petition in this case, the motion to deny, and the Petitioner's response, and [was] well and fully advised in the premises." Mitchell-Pennington's claim is without merit.

As noted earlier, the district court summarily denied the motion because it was res judicata, successive, and untimely. We will address each of these three procedural bars.

4

*Res Judicata*

As the State points out, on appeal, Mitchell-Pennington failed to address the issue of res judicata, which was one of three grounds the district court cited in denying his K.S.A. 60-1507 motion. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Importantly, however, when a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of *each* alternative basis on appeal, this court may decline to address the appellant's challenge to the district court's ruling. *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d 1278 (2013).

Given Mitchell-Pennington's failure to address the doctrine of res judicata which the district court held was one of three procedural bars which justified the summary denial of the motion, this issue is waived and the district court's summary denial is, therefore, affirmed on this basis, alone. However, for the sake of completeness, we will also address the district court's other two grounds for summary denial.

*Successive Motion*

Absent a showing of exceptional circumstances, "the sentencing court may properly dismiss a second or successive motion filed under K.S.A. 60-1507 on the ground its use constitutes an abuse of remedy." *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977). As mentioned earlier, this is Mitchell-Pennington's sixth such motion. As a result, it is procedurally barred unless there is a showing of exceptional circumstances.

> "Exceptional circumstances . . . are those unusual events or intervening changes in law which prevent the movant from being aware of and raising all of his alleged trial errors in his first post-conviction proceeding, and they must be such that the ends of justice can only be served by reaching the merits of the subsequent application." 221 Kan. at 270.

In Mitchell-Pennington's first K.S.A. 60-1507 motion, he contended, in relevant part, that he was provided ineffective assistance of appellate counsel, and that newly discovered evidence (Gaston's statement) would tend to show his innocence. See 2017 WL 1104599. Mitchell-Pennington's claim of newly discovered evidence of innocence was considered and resolved when the district court denied his first K.S.A. 60-1507 motion and this court subsequently affirmed the summary denial. *Mitchell-Pennington*, 2017 WL 1104599, at \*13.

This prior holding also resolves Mitchell-Pennington's current claim in his sixth motion that his appellate attorney was ineffective for failing to raise and brief the Gaston statement on direct appeal as newly discovered evidence. The failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. *Baker v. State*, 243 Kan. 1, 9, 755 P.2d 493 (1988). This is especially true in this case, where our court has previously held in Mitchell-Pennington's first K.S.A. 60-1507 motion that the purported newly discovered evidence of innocence did not present a meritorious issue. Quite simply, because the issue of newly discovered evidence is without merit, appellate counsel's failure to raise it on appeal cannot be ineffective assistance of counsel.

We conclude the district court did not err in finding that Mitchell-Pennington's sixth K.S.A. 60-1507 motion was a successive motion without a showing of exceptional circumstances and, as a consequence, it was procedurally barred.

*Untimely Motion*

An action under K.S.A. 60-1507 "must be brought within one year of . . . [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2017 Supp. 60-1507(f)(1)(A). An exception can be made only when necessary "to prevent a manifest injustice." K.S.A. 2017 Supp. 60-1507(f)(2). A colorable claim of actual innocence can

potentially constitute manifest injustice and supply a movant with additional time to file a K.S.A 60-1507 motion. See K.S.A. 2017 Supp. 60-1507(f)(2)(A); *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

K.S.A. 2017 Supp. 60-1507(f)(2)(A) limits a reviewing court's inquiry to determine "why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." Additionally, the statute requires that when making a claim of actual innocence, the movant "show that it is more likely than not that no reasonable juror would have convicted the prisoner in light of the evidence." K.S.A. 2017 Supp. 60-1507(f)(2)(A). Multiple panels of our court have held that K.S.A. 2017 Supp. 60-1507(f) should be applied retroactively. See, e.g., *Olga v. State*, No. 115,334, 2017 WL 840296, at *3 (Kan. App. 2017) (unpublished opinion), *rev. granted* 306 Kan. 1319 (2017); *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion), *rev. granted* 306 Kan. 1319 (2017).

Mitchell-Pennington argues that his claim of ineffective assistance of appellate counsel equates to manifest injustice because it relates to an underlying claim of actual innocence. But the district court held that Mitchell-Pennington's sixth motion was filed beyond the one-year time limitation, and that he had failed to establish a manifest injustice to justify extension of that time period. The district court wrote:

> "A petition for review to the Kansas Supreme Court was filed in Petitioner's direct appeal in 2008-CR-1561 and denied on February 20, 2013. The mandate was issued on February 25, 2013. Petitioner had one year from February 25, 201[3] to bring this action, and has filed this claim out of time.
>  "... To even begin to be considered on a claim on manifest injustice, Petitioner must allege the circumstances that prevented him from acting within the one year time limitation, yet he does not. Petitioner was in fact able to file his first 1507 action within the statutory limit. Additionally, the merits of Petitioner's claims raise no substantial

7

issues of law or fact and do not warrant the extension of time within to file this sixth 1507 action."

Mitchell-Pennington's sixth K.S.A. 60-1507 motion was clearly filed out of time. Could the claim have been brought within the statutory one-year time limitation? The statement signed by Gaston is dated June 21, 2010. A letter from Mitchell-Pennington's appellate attorney explaining why she did not raise a claim of actual innocence is dated September 15, 2010. In short, Mitchell-Pennington had several years—until February 25, 2014—to file a timely K.S.A. 60-1507 motion to raise this ineffective assistance of appellate counsel claim. Inexplicably, he failed to do so. Additionally, in his first and timely filed K.S.A. 60-1507 motion, Mitchell-Pennington failed to make this particular claim, although he addressed other alleged failures of his appellate counsel. Mitchell-Pennington has failed to explain why his sixth motion could not have been filed within the statutory time frame. As a result, he has failed to show the manifest injustice necessary to extend the filing time period.

Moreover, Mitchell-Pennington does not show a colorable claim of actual innocence. He provides our court with the same statement that was reviewed in the appeal of his first K.S.A. 60-1507 motion. In the statement his codefendant states:

"This statement is true and correct . . . on the 5th day of Oct[ober] 2008[,] me and other individuals not including Lee Andrew committed a robbery at 2400 Alabama Apt[.] #210[.] Mr. Mitchell-Pennington had no part in this robbery of Jeremy Mireles, Emilio Alva, and Joshua Little. Mr. Mitchell-Pennington is innocent of this crime at 2400 Alabama #210."

In addressing Mitchell-Pennington's claim of innocence, the district court stated:

"The evidence at trial included two of the victims of the robbery who knew Petitioner prior to the robbery. One victim, Jeremy Mireles, had gone to elementary and middle

8

school with Petitioner and had seen him around town, including a few months before the crime. Mr. Mireles testified he could tell Petitioner's identity. Emilio Alva, another victim, testified at trial that he attended junior high and high school with Petitioner and had seen Petitioner about a week prior standing outside the apartment building. Mr. Alva recognized Petitioner's voice during the robbery. One of the robbers called Petitioner by name 'Lee.' Petitioner's sister, LaShell Mitchell testified the Petitioner and another man came to her home a few days after the robbery and talked about the crime."

Similarly, our court previously characterized the eyewitness identification evidence described above as direct and overwhelming in nature. *Mitchell-Pennington*, 2017 WL 1104599, at \*10. Quite simply, Gaston's statement does not refute the multi-person, eyewitness accounts of Mitchell-Pennington's criminal involvement. We reiterate our prior finding in affirming the summary denial of Mitchell-Pennington's first K.S.A. 60-1507 motion that he has failed to establish a valid claim of newly discovered evidence of innocence. Finally, upon our independent review of the record, we are not convinced that Mitchell-Pennington has shown that "it is more likely than not that no reasonable juror would have convicted the prisoner in light of the evidence." K.S.A. 2017 Supp. 60-1507(f)(2)(A).

In summary, we find the district court did not err in summarily denying Mitchell-Pennington's sixth K.S.A. 60-1507 because it was procedurally barred on each of the three legal grounds cited by the court.

Affirmed.