NOT DESIGNATED FOR PUBLICATION

No. 117,968

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LEE ANDREW MITCHELL-PENNINGTON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed May 25, 2018. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: Lee Andrew Mitchell-Pennington was convicted of aggravated burglary and three counts of aggravated robbery. His appeal of these convictions was unsuccessful, and our Supreme Court denied review. See *State v. Mitchell-Pennington*, No.103,094, 2011 WL 4031485 (Kan. App. 2011) (unpublished opinion), *rev. denied* 296 Kan. 1134 (2013).

In February 2014, Mitchell-Pennington filed his first K.S.A. 60-1507 motion, alleging ineffective assistance of trial and appellate counsel in that they failed to object to

the burden of proof jury instructions, they abandoned evidentiary errors, and they failed to raise several instances of prosecutorial misconduct on appeal. He also claimed there was newly discovered evidence that would tend to show his innocence. The district court summarily denied the motion, and this court affirmed the district court's decision on appeal. *Mitchell-Pennington v. State*, No.115,407, 2017 WL 1104599 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1319 (2017).

While this second appeal was pending, Mitchell-Pennington filed a series of additional motions under K.S.A. 60-1507. The district court denied each of these motions. The district court summarily denied Mitchell-Pennington's fifth K.S.A. 60-1507 motion, and it is from this decision that he now appeals.

In his fifth and current K.S.A. 60-1507 motion, filed in February 2016, Mitchell-Pennington alleged:  (1) He was denied due process of law because the State used false testimony at his trial to convict him; (2) he was denied his Sixth Amendment right to a speedy trial because the trial was not held within 90 days of his arraignment; (3) his Fourth Amendment right was violated because the arresting officer presented false testimony and failed to disclose material facts; (4) his Fifth Amendment right against double jeopardy was violated when he was convicted of three counts of aggravated robbery because the counts were multiplicitous; and (5) he received ineffective assistance of counsel at both the trial and appellant court levels because his counsel failed to assert issues one through four at the trial level and on appeal.

The district court denied Mitchell-Pennington's K.S.A. 60-1507 motion in a detailed memorandum decision outlining its reasoning. It ruled that the claims were barred because they were successive, untimely, and barred by res judicata because the issue of ineffective assistance of counsel had already been decided. Further, on the merits Mitchell-Pennington failed to meet his burden of showing prejudice. Mitchell-Pennington's appeal of this ruling brings the matter to us.

In this appeal, Mitchell-Pennington argues that his motion was not untimely because the time limit should be excused based on his showing that manifest injustice would occur if his claims were not heard. He argues that prejudicial errors at the trial level require a full hearing on the merits in the district court.

Because the district court summarily denied Mitchell-Pennington's motion, our review is de novo. We can affirm the district court only if we determine that the motions, files, and records of the case conclusively establish that Mitchell-Pennington was not entitled to relief. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Similarly, statutory interpretation is a question of law which we review de novo. *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013).

*Successive Motion*

The district court ruled that Mitchell-Pennington's K.S.A. 60-1507 motion was barred because the claims were successive under K.S.A. 60-1507(c). We agree.

The district court should not be burdened with a second or successive K.S.A. 60-1507 motion on behalf of the same prisoner when the relief sought is similar in character and could have been brought in the first motion. See K.S.A. 60-1507(c); Supreme Court Rule 183(d) (2018 Kan. S. Ct. R. 224); *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.2d 788 (1977). Absent a showing of exceptional circumstances, "the sentencing court may properly dismiss a second or successive motion filed under [K.S.A. 60-1507] on the ground its use constitutes an abuse of remedy." 221 Kan. at 270.

> "Exceptional circumstances . . . are those unusual events or intervening changes in law which prevent the movant from being aware of and raising all of his alleged trial errors in his first post-conviction proceeding, and they must be such that the ends of

3

justice can only be served by reaching the merits of the subsequent application." 221 Kan. at 270.

This is Mitchell-Pennington's fifth K.S.A. 60-1507 motion. In the first of these motions, the district court ruled that Mitchell-Pennington was not entitled to a relief due to ineffective assistance of counsel and we affirmed. *Mitchell-Pennington*, 2017 WL 1104599, at *1-2. Therefore, he needed to show some intervening changes in the law or unusual events to warrant the district court considering his current K.S.A. 60-1507 motion on the merits. See *Dunlap*, 221 Kan. at 270.

Mitchell-Pennington claims there was a change in the law that affected the time calculation for measuring a defendant's speedy trial rights. One of Mitchell-Pennington's claims of ineffective assistance of counsel has to do with his right to a speedy trial. He claims that the current practice of holding a defendant for months at a time without a preliminary hearing due to the crowded criminal docket delays the starting of the speedy trial clock and, therefore, is a change in the law that would allow his claim to move forward. Additionally, he asserts that we should revisit this court's holding in *State v. Taylor*, 3 Kan. App. 2d 316, 319-20, 594 P.2d 262 (1979), in which the court held that a statement of plea at a defendant's first hearing is gratuitous and does not change the hearing into an arraignment so as to start the running of the speedy trial clock. But neither of these amounts to a change in the law that prevented his current arguments from being raised in his first motion.

Because Mitchell-Pennington has not alleged any unusual events or intervening changes in the law which prevented him from being able to raise his current claims in his first K.S.A. 60-1507 motion, the district court properly summarily denied his motion as successive under K.S.A. 60-1507(c).

4

*Untimely Claims*

The district court also ruled that Mitchell-Pennington's K.S.A. 60-1507 motion was barred by the statute of limitations because it was filed more than one year after the termination of appellate jurisdiction over his direct appeal and he failed to allege any manifest injustice that would allow the district court to extend the limitations period. We agree.

K.S.A. 2017 Supp. 60-1507(f) provides:

"(1) Any action under this section must be brought within one year of:

(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.

(B) If the court makes a manifest-injustice finding, it must state the factual and legal basis for such finding in writing with service to the parties.

"(3) If the court, upon its own inspection of the motions, files and records of the case, determines the time limitations under this section have been exceeded and that the dismissal of the motion would not equate with manifest injustice, the district court must dismiss the motion as untimely filed."

Subsections (2)(A)-(2)(B) were added to this statute in 2016. L. 2016, ch. 58, § 2. We retroactively apply this statute as amended in 2016. *Rojas-Marceleno v. State*, No.

5

115,140, 2017 WL 1196731, at *4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. __ (December 22, 2017).

The Kansas Supreme Court denied Mitchell-Pennington's petition for review of his direct appeal on February 25, 2013. He had one year from that date to bring his K.S.A. 60-1507 motion unless he showed that an extension of the statutory period was necessary to prevent manifest injustice. See *State v. Phoenix*, No. 115,694, 2017 WL 1826048, at *3 (Kan. App. 2017) (unpublished opinion), *rev. granted* 306 Kan. 1328 (2017). He filed the current K.S.A. 60-1507 motion nearly two full years beyond the statutory period.

Mitchell-Pennington's claim of manifest injustice rests on his assertions that fraudulent testimony was introduced at his trial and that his counsel was ineffective. But to prove manifest injustice, he needs to show that "it is more likely than not that no reasonable juror would have convicted [him] in light of new evidence." K.S.A. 2017 Supp. 60-1507(f)(2)(A). He fails to show that but for the fraudulent testimony and the ineffective performance of his counsel he could have asserted his current claim within the one-year statute of limitations period.

Mitchell-Pennington's current claim of ineffective assistance of counsel is based on his counsel's failure to protect his right to a speedy trial. He easily could have made this claim in his first 60-1507 motion. Similarly, there is nothing that would have prevented him from bringing his claims for a Fourth Amendment violation and Fifth Amendment violations in his original motion, as the same record is available now that was available then. Further, he did not contend that he actually was innocent. Instead, he simply claimed that the trial errors were enough for a new trial. Thus, the district court did not err in summarily denying his K.S.A. 60-1507 motion.

Affirmed.

6

* * *


LEBEN, J., concurring: Because we need not decide the question to rule on this appeal, I express no opinion on whether the 2016 statutory amendments now found at K.S.A. 2017 Supp. 60-1507(f) apply to habeas claims made before the passage of those amendments. In this case, whether we rely on the standards set out in *Vontress v. State*, 299 Kan. 607, 616-19, 325 P.3d 1114 (2014), or the standard set out in the 2016 statutory amendments, Mitchell-Pennington has not shown manifest injustice. See *Hayes v. State*, 307 Kan. 9, 14-15, 404 P.3d 676 (2017).