NOT DESIGNATED FOR PUBLICATION

No. 122,776

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARLIN D. WILLIAMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed April 29, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Marlin D. Williams*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Marlin D. Williams appeals the district court's summary denial of his fourth K.S.A 60-1507 motion, finding it successive and untimely. Williams argues that he established exceptional circumstances and manifest injustice to excuse the successive, untimely filing. He also argues that he sufficiently pled grounds that entitled him to relief, namely that the trial court did not have jurisdiction to convict him. Finding no error, we affirm the district court's judgment.

1

Williams is serving 246 months in prison for aggravated trafficking of a person under 18 years old. The Kansas Supreme Court affirmed Williams' conviction and sentence on appeal. *State v. Williams*, 299 Kan. 911, 913-16, 329 P.3d 400 (2014). The facts of Williams' underlying case which involved taking L.M., his 15-year-old victim, in 2007, from Wichita, Kansas, to Dallas, Texas, to join his prostitution ring, are fully detailed in the Supreme Court's opinion and need not be repeated here. 299 Kan. at 913-16.

Williams filed his first K.S.A. 60-1507 motion in 2008, which the district court denied because his appeal was pending. Williams filed his second K.S.A. 60-1507 motion in 2014, alleging his trial counsel provided constitutionally deficient representation. The district court summarily denied his motion and this court affirmed. *Williams v. State*, No. 114,200, 2016 WL 7428361, at *1 (Kan. App. 2016) (unpublished opinion). Williams filed his third K.S.A. 60-1507 motion in 2017, arguing that the district court erred by allowing hearsay testimony of the victim; that trial counsel failed to investigate key issues surrounding the victim; that K.S.A. 60-455 evidence was improperly admitted; and that the evidence was not sufficient to sustain a conviction for aggravated trafficking. The district court summarily denied his motion as untimely without a showing of manifest injustice, and this court affirmed that judgment on appeal. *Williams v. State*, No. 119,413, 2019 WL 3367587, at *1 (Kan. App. 2019) (unpublished opinion).

Williams filed his current K.S.A. 60-1507 motion, which underlies this appeal, in 2019. In his motion, Williams argued that the district court relied on allegations of events in Texas to prove his guilt for aggravated trafficking in Kansas and that Kansas lacked jurisdiction over him. He also argued that the State did not "demonstrate that a criminal law ha[d] been violated and that someone ha[d] violated it." He also argued that he "was tried for a crime that substantial elements were missing," namely that his age was not

presented to the jury for determination. Williams maintained that these trial errors resulted in manifest injustice to excuse the untimely filing. Williams also vaguely argued that he was innocent of the charges and only met the alleged victim in Dallas, Texas, when he gave her a ride to a liquor store.

On December 6, 2019, the district court filed a memorandum order denying the motion as untimely, finding Williams failed to show manifest injustice or make a colorable claim of actual innocence. The district court also found that the motion was successive, and Williams did "not plead sufficient grounds to raise even the possibility that he might be entitled to relief." Williams moved to reconsider, but the district court denied relief. Williams timely appealed and received appointed counsel for the appeal.

DID THE DISTRICT COURT ERR IN SUMMARILY
DENYING WILLIAMS MOTION AS SUCCESSIVE AND UNTIMELY?

The district court denied Williams' K.S.A. 60-1507 motion without first conducting a hearing, finding that "[t]he motion is successive, untimely, and on its face does not plead grounds which might entitle Petitioner to relief under K.S.A. 60-1507." Williams argues on appeal, through his counsel's brief, that the district court should have granted him an evidentiary hearing because (1) his motion sufficiently pled a factual and legal basis for relief; (2) he established exceptional circumstances to overcome successiveness; and (3) he provided persuasive reasons for the court to overlook the untimeliness of his motion arguing a manifest injustice would occur otherwise.

Williams also filed a pro se supplemental brief and argues that the trial court lacked jurisdiction to convict him. Williams argues that the trial court did not require him to register as a sexual offender because the court could not make the required finding that "sexual gratification" was involved in the offense. According to Williams, the lack of this finding amounts to an acquittal of the charge of aggravated trafficking.

3

The State argues on appeal that "[Williams] did not meet the burden of showing manifest injustice would result without the extension of the time limitation to file his motion" or present any exceptional circumstances that would allow a successive motion. The State did not respond to Williams' argument in his supplemental brief that the trial court lacked jurisdiction to convict him of the offense.

The parties agree on our standard of review. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to decide whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Williams' motion was successive.*

A district court may refuse to hear a K.S.A. 60-1507 motion if it is "a second or successive emotion for similar relief on behalf of the same prisoner." K.S.A. 2020 Supp. 60-1507(c). "[T]he prohibition against successive motions under K.S.A. 60-1507(c) bars not only claims actually raised in prior motions but also those claims that could have been raised in a prior motion." *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008) (citing *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.2d 788 [1977]). When a K.S.A. 60-1507 movant sets forth grounds for relief, the movant is presumed to have listed all grounds relied on, and a second motion alleging additional grounds for relief may be denied as successive and an abuse of remedy. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013); see Supreme Court Rule 183(d) (2022 Kan. S. Ct. R. at 242).

To avoid a dismissal of a second or successive K.S.A. 60-1507 motion, the movant must show that exceptional circumstances exist. *Littlejohn v. State*, 310 Kan. 439, Syl., 447 P.3d 375 (2019) ("An inmate filing a second or successive motion under K.S.A. 60-1507 must show exceptional circumstances to avoid having the motion dismissed as an abuse of remedy."). Exceptional circumstances are unusual events or intervening

4

changes in the law that prevented the defendant from raising the issue in a preceding motion. *Beauclair*, 308 Kan. at 304. In deciding whether a district court erred in summarily denying a K.S.A. 60-1507 motion, the appellate court's test should be whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn*, 310 Kan. at 446.

In Williams' motion, he claimed that his motion was not successive because it "[wa]s based upon issues not presented in prior filings." Williams only vaguely argued that he did not bring these claims in an earlier motion because he did not have the full record to examine. It is unclear what parts of the record Williams did not have or why he had no access to them until now. He did not persuasively argue any exceptional circumstances or provide any details that help him overcome the successive nature of his K.S.A. 60-1507 motion. More importantly, Williams did not assert any intervening changes in the law that prevented him from raising his issues in an earlier motion.

On appeal, Williams admits that "[he] did not explicitly acknowledge the 'exceptional circumstances' requirement" but that the new "issues raised could not have been discovered and presented until he had the full record to examine." There is no further elaboration. Upon a de novo review of the motion, files, and record of the case, we are not satisfied that Williams meets his burden of showing exceptional circumstances that allow this court to reach the merits of his successive motion. For these reasons, the district court did not err in finding Williams' motion successive.

*Williams' motion was untimely.*

Not only was Williams' motion successive, but it was also untimely. A defendant has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2020 Supp. 60-1507(f). A district court can extend this one-year time limitation

5

only to prevent a manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). A movant who files a K.S.A. 60-1507 motion outside the one-year time limitation and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. See *Trotter*, 296 Kan. at 905. Williams does not dispute that his motion was untimely. But he claims on appeal that he "expressly acknowledged the 'manifest injustice' requirement" and "pepper[ed] references throughout" his motion.

When evaluating whether manifest injustice will occur without extending the one-year time limitation, this court is limited to determining why the movant failed to file the motion within the one-year period or whether the movant makes a colorable claim of actual innocence. K.S.A. 2020 Supp. 60-1507(f)(2)(A). Williams does not explain why he did not file within the one-year period other than to say he did not have access to the full record. But his conclusory statement without further explanation of what parts of the record he was missing or how those missing parts presumably prevented him from timely filing does not establish a persuasive reason for excusing an untimely filing.

Williams does not sufficiently claim actual innocence. To establish actual innocence Williams must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2020 Supp 60-1507(f)(2)(A). Williams asserted in his motion that he did not traffic the victim, but merely had innocent contact with her in Texas. But this assertion does not meet the actual innocence requirement because it is not new evidence. It was proven at trial that he met the victim in Kansas and took her to Texas. And even assuming Williams' assertion could be considered new evidence, he does not argue or show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.

Williams' motion was both successive and untimely. He does not sufficiently establish exceptional circumstances or manifest injustice to excuse the successive,

6

untimely filing. Thus, the district court did not err in summarily denying Williams' fourth K.S.A. 60-1507 motion on procedural grounds.

Williams' pro se supplemental brief argues that the trial court lacked jurisdiction to convict him. To support this claim, Williams asserts that "the trial court did not require registration of the Appellant as an offender as mandated by K.S.A. 22-4902, because the court could not make the required finding that 'sexual gratification' was involved in the offense." According to Williams, the lack of this finding amounts to an acquittal of the charge of aggravated trafficking. The State did not respond to this argument.

The fact that the district court did not order Williams to register as a sexual offender does not undermine his aggravated trafficking conviction. Williams essentially argues that he is innocent of the charge for which he was convicted, but he does not explain how this amounts to the court's lack of subject matter jurisdiction. Finally, in *Trotter*, our Supreme Court found that a movant cannot use a K.S.A. 60-1507 motion to present a subject matter jurisdiction argument when the movant is procedurally barred from filing a K.S.A. 60-1507 motion. 296 Kan. at 905. Because Williams did not overcome the procedural bars to bring his motion, his jurisdiction argument fails.

Finally, we observe that Williams filed a pro se letter of additional authority with this court on February 18, 2022. But Williams' letter does not provide additional authority for the issues raised in the parties' briefs, as required by Supreme Court Rule 6.09(b) (2022 Kan. S. Ct. R. at 40). Instead, Williams' letter of additional authority appears to advance a new issue that was not briefed: whether the State's failure to argue against Williams' jurisdiction complaint was a concession of the issue. An appellate court will not consider issues raised for the first time in a Rule 6.09(b) letter. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Williams' letter of additional authority fails to comply with Rule 6.09(b).

Affirmed.