**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL LEE BUTLER, JR.,

      Petitioner-Appellant,

v.

STATE OF KANSAS; CARLA
STOVALL, Attorney General, State of
Kansas,

      Respondents-Appellees.

No. 02-3211
(D. Kansas)
(D.C. No. 01-CV-3458-DES)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the appellant's brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.

34.1(G). The case is therefore submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Russell Lee Butler, Jr., a Kansas prisoner proceeding *pro se*, requests a certificate of appealability ("COA") to appeal the federal district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. A COA will be issued only when there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Butler can achieve this by " showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

After carefully reviewing the record in Mr. Butler's case, we conclude that he has not met these standards. Mr. Butler is procedurally barred from raising this claim, and we find no cause or prejudice that would require us to proceed to the merits of his claim. Furthermore, failure to consider Mr. Butler's claim will not result in a fundamental miscarriage of justice. Therefore, we decline to issue a certificate of appealability, and we dismiss the appeal.

## I. BACKGROUND

Mr. Butler entered a plea of nolo contendere to two counts of attempted aggravated indecent liberties with a child, Kan. Stat. Ann. §§ 21-3301 and 21-3504(a)(1) (2001), based on at least two instances of sexual intercourse with the

15-year-old daughter of the woman with whom Mr. Butler was then living. At the plea and sentencing hearings, Mr. Butler was represented by counsel. The appropriate procedures for a plea of nolo contendere required the state district court judge to determine whether the state had proffered a factual basis for the crimes. Finding the state's proffered factual basis to be sufficient, the court found Mr. Butler guilty. At a subsequent hearing, Mr. Butler was sentenced to two consecutive thirty-two month terms of imprisonment.

Six months after sentencing, Mr. Butler filed post-conviction motions pro se in Kansas district court, requesting that his plea be withdrawn, pursuant to Kan. Stat. Ann. § 22-3210(d), asserting ineffective assistance of counsel and asking for an evidentiary hearing based on proffered newly discovered evidence, pursuant to Kan. Stat. Ann. § 60-1507. The state district court denied the motions. In the Kansas Court of Appeals, Mr. Butler argued that the state district court should have appointed counsel and that it should have granted him a hearing based on his claim of newly available evidence. Significantly, Mr. Butler did not raise the ineffective assistance of plea counsel claim in that state-level appeal. The Kansas Court of Appeals denied Mr. Butler's appeal, and the Kansas Supreme Court denied Mr. Butler's petition for review. Mr. Butler was represented by counsel (other than plea counsel) on both his appeal to the Kansas Court of Appeals and his petition for review by the Kansas Supreme Court.

In his federal habeas petition, Mr. Butler claims ineffective assistance of plea counsel for failing to investigate facts surrounding the crime and for failing to advise Mr. Butler of the consequences of his plea. The magistrate judge recommended that the petition be denied, finding procedural default in the state court, absent cause or prejudice (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The district court adopted the magistrate judge's recommendation, denied the petition, and did not grant Mr. Butler a COA.

## II. DISCUSSION

Before filing a federal habeas corpus petition, an inmate must exhaust the available state remedies. See 28 U.S.C. § 2254(b)(1). "A state prisoner is ordinarily not able to obtain federal habeas corpus relief unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994) (quotation marks omitted). To satisfy this exhaustion requirement, a petitioner must first present the issues raised in the federal habeas action to the highest Kansas court, either by direct appeal or by the post-conviction process. Mr. Butler does not dispute that he did not pursue the ineffective assistance of plea counsel claim through the Kansas Supreme Court. Mr. Butler has thus failed to exhaust his only claim.

Moreover, it is no longer possible for Mr. Butler to return to the Kansas courts to exhaust his claim. The Kansas district court denied Mr. Butler's ineffective assistance claim on January 12, 2000, more than nineteen months before Mr. Butler filed his § 2254 motion with the federal district court, whereas Kansas law requires appeals within 130 days of adverse rulings. See State v. Ortiz 640 P.2d 1255, 1257 (Kan. 1982) ("The appeal in this case was not taken within the 130-day period fixed by statute, K.S.A. 22-3608 and K.S.A. 1979 Supp. 21-4603, and must therefore be dismissed.")

In addition, Mr. Butler is generally not entitled to file a successive petition for post-conviction relief. See Kan. Stat. Ann. § 60-1507(c) ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.") Kansas courts have recognized that "exceptional circumstances" might justify a successive motion. See Brooks v. State, 966 P.2d 686, 688 (Kan. Ct. App. 1998). However, Kansas defines exceptional circumstances quite narrowly. See id. ("Exceptional circumstances . . . are those unusual events or intervening changes in the law which prevented the movant from being aware of and raising all of his alleged trial errors in his first post-conviction proceeding, and they must be such that the ends of justice can only be served by reaching the merits of the subsequent application."). As Mr.

Butler does not allege any such exceptional circumstances, he cannot now exhaust this claim via a successive motion under Kan. Stat. Ann. § 60-1507.

Mr. Butler's claim is therefore subject to anticipatory procedural default. "If the court to which petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purpose of federal habeas review." Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992).

With his claim not properly exhausted in the Kansas state courts, Mr. Butler must show either: 1) cause and prejudice or 2) manifest injustice. See Coleman, 501 U.S. at 750. He is unable to do so. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him. . . . For example, a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause under this standard." Id. at 753 (internal quotation marks omitted) (emphasis in original).

Mr. Butler claims that his failure to exhaust state-level remedies was caused by his appellate attorney's failure to inform Mr. Butler that he must raise the ineffective assistance of counsel issues in the Kansas state courts in order to preserve those issues for federal habeas review. This is a troubling allegation,

because it raises the possibility that an attorney appointed by the state was the cause of Mr. Butler's procedural default.

However, even if we were to credit Mr. Butler's attorney's alleged failures as an "objective factor external to the defense," Coleman, 501 U.S. at 752, which impeded Mr. Butler's efforts to comply with the procedural rule, he is unable to show actual prejudice. To show actual prejudice, "[t]he habeas petitioner must show not merely that the errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage. . . ." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (internal quotations omitted).

Mr. Butler claims that there is "newly discovered evidence" that he was not in the state of Kansas on the dates that he was alleged to have committed the crimes, evidence which he claims to have requested his attorney to retrieve prior to entering his plea. However, the issue of the exact dates of the sexual encounters was discussed and resolved at the plea hearing:

> Mr. Warren [counsel for Mr. Butler]: [I]n discussing the matter with my client, he wasn't initially sure that the dates that were given were exactly correct, but he said that it may very well have happened on those dates. And he was very cooperative with the police and gave a full statement to the police regarding his involvement, so there's no question that he was involved. Again, the initial question we had was as to the dates but we don't have any evidence that those were not the dates.
>
> The Court: And he wouldn't contest that at least on two separate occasions this occurred?

Mr. Warren : Right.

Rec. vol. II, at 15 (Plea Hr'g, dated Feb. 12, 1999).

Mr. Butler, therefore, cannot prove prejudice.  Nor can Mr. Butler "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," Coleman, 501 U.S. at 750, where the "ends of justice" require "a colorable showing of factual innocence."  Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).  Given his failure to contest the facts of his having actually engaged in sexual intercourse with a fifteen-year-old girl, Mr. Butler cannot satisfy this standard.

## III. CONCLUSION

For the reasons set forth above, we DENY Mr. Butler's request for a COA and DISMISS this appeal.

Entered for the Court

Robert H. Henry
Circuit Judge