NOT DESIGNATED FOR PUBLICATION

No. 127,555

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LEE EDWARD WILLIAMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Submitted without oral argument. Opinion filed February 21, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Lois Malin*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Lee Edward Williams appeals the district court's summary denial of his K.S.A. 60-1507 motion. In his motion, Williams argued that he was denied a statutory right to a speedy trial and that his trial counsel was ineffective. The district court denied his statutory speedy trial claim because the delay of the trial date was due to Williams' actions. It also denied his ineffective assistance of counsel claim because his claims were vague. For example, he did not provide specific reasons why his trial counsel's performance fell below an objective standard of reasonableness nor how he suffered prejudice.

1

Williams fails to explain how his speedy trial right claim is preserved for this appeal. Nor does Williams show how his trial counsel's actions prejudiced him. Thus, after reviewing the motion, files, and records de novo, we affirm the district court's summary denial of Williams' K.S.A. 60-1507 motion.

FACTUAL AND PROCEDURAL BACKGROUND

A jury found Williams guilty of first-degree premeditated murder under K.S.A. 2017 Supp. 21-5402 and criminal possession of a firearm under K.S.A. 2017 Supp. 21-6304. The district court sentenced Williams to a hard 25 life term with his sentence to run consecutive to another case. Williams appealed, and the Kansas Supreme Court affirmed his conviction. *State v. Williams*, 308 Kan. 1320, 1335, 429 P.3d 201 (2018).

The parties agree with the facts as described by the Kansas Supreme Court in that direct appeal:

"Lee E. Williams and Tysha Carvin knew each other for 20 years. They were in a relationship, lived together, and had a son. The couple broke up in January 2013, when their son was two years old. After the breakup, they lived separately. The boy lived with Tysha, who occasionally stayed at her aunt's house, where Tysha's grandmother also lived.

"Williams periodically visited his son. But Tysha did not let Williams see their son as often as Williams wanted after Williams' new girlfriend became pregnant. Frequent altercations arose because of this.

"On September 3, 2013, Williams was at the aunt's house most of the day before leaving for the evening and returning after midnight. Williams testified that when he returned, Tysha was the only person awake. She became 'upset' about the new girlfriend and the pregnancy. Williams got 'upset' because of text messages Tysha received from another man discussing a sexual relationship. Williams tried to leave with his son. According to Williams, Tysha said, '[B]ring me my son here right now or I swear to God I'm going to shoot you.' She pointed a gun at Williams, so he brought their son back.

2

Williams testified the gun was his, and that Tysha got it from an area near a fish tank, where he had put it earlier.

"Williams said the two fought for the gun and it 'started going off.' By this time, the aunt and grandmother joined the struggle. Williams said he 'didn't have substantial control of the gun. The gun was going off.'

"The grandmother and the aunt testified differently. The grandmother said she heard Tysha call for help around 2 a.m. and went downstairs. She saw Tysha on the floor between the dining room and front door. Williams was holding Tysha's foot, trying to pull her out the door. The aunt said she woke up because of the noise downstairs and saw the grandmother, Tysha, and Williams at the door.

"Both women said they heard Williams say, 'I don't want to do it in here.' And at some point, Tysha 'scoot[ed] back' away from Williams and ended up near the fish tank. The aunt saw Williams pull out a gun and fire multiple times at Tysha. The aunt called the police and Williams left the house.

"Police officers arrived. An officer photographed Tysha's body near the fish tank as well as seven shell casings lying around her. Multiple bullet holes were found in the wall just behind her. Tysha was killed by two bullets that matched shell casings found at the scene.

"Two days later, Canadian border officials apprehended Williams trying to cross into Canada with a fake ID. The State charged Williams with first-degree premeditated murder under K.S.A. 2017 Supp. 21-5402 and criminal possession of a firearm under K.S.A. 2017 Supp. 21-6304. A jury found him guilty of both counts." 308 Kan. at 1321-22.

Less than a year after the direct appeal became final, Williams filed a pro se habeas motion to initiate his K.S.A. 60-1507 proceedings.

In his K.S.A. 60-1507 motion, Williams presented seven claims: (a) The State browbeat a witness, (b) his statement to the arresting officers should have been suppressed, (c) a speedy trial violation, (d) an ineffective assistance of counsel claim for failure to move for an immunity hearing to assert a self-defense immunity, (e) an ineffective assistance of counsel claim for failure to prepare for trial, (f) a claim about

counsel's conflict of interest based on movant's motions to remove counsel, and (g) an ineffective assistance of appellate counsel claim for failure to brief several issues which Williams characterized as "'deadbanger and obvious.'" Following this, Williams filed amendments, memorandums, and other motions for his habeas case.

The district court appointed Williams counsel for his habeas proceedings and, a few months later, held a preliminary hearing on the motion. The court took the matter under advisement and then issued a written ruling summarily dismissing Williams' motion.

The district court found Williams' first two claims—that the State browbeat a witness and the trial court erred in not suppressing his statement—were trial errors. The court found Williams was barred from bringing them in a K.S.A. 60-1507 motion because he failed to show exceptional circumstances to justify why he did not raise them in his direct appeal. The court also found they would fail on the merits. And the court dismissed Williams' statutory speedy trial right claim because it found Williams contributed to the delay in scheduling the trial.

The district court dismissed as moot Williams' ineffective assistance of counsel claim for failing to seek dismissal based on self-defense because the jury was instructed on this defense and found Williams guilty. The court then dismissed Williams' ineffective assistance of counsel claims for failing to prepare and make strategic decisions due to a failure to show what prejudice Williams suffered. Williams' conflict of interest claim was dismissed because the allegation was insufficient on its face. Lastly, the district court dismissed his ineffective assistance of appellate counsel claim because the argument was difficult to follow and based on the claims where Williams did not sufficiently show errors made by counsel.

This appeal follows.

4

While Williams raised several issues in his 60-1507 motion, he only addresses two on appeal—the alleged violation of his statutory speedy trial rights and ineffective assistance by his trial counsel. But after a careful review of the parties' arguments and record on appeal, we see no error by the district court in finding these to be meritless changes and summarily denying Williams' motion.

*Williams has waived his claim that his statutory speedy trial right was violated.*

*Standard of review*

A K.S.A. 60-1507 motion is a procedure where prisoners may challenge their conviction or sentence. *Denney v. Norwood*, 315 Kan. 163, 172, 505 P.3d 730 (2022). The motion must be filed in the sentencing court. 315 Kan. at 172. To succeed under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2023 Supp. 60-1507(b); Supreme Court Rule 183(g) (2024 Kan. S. Ct. R. at 241).

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial

issue is presented requiring a full hearing.'" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

The standard of review turns on which of these options a district court used. 311 Kan. at 578.

When a district court summarily dismisses a K.S.A. 60-1507 motion after a preliminary hearing, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022); see also *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) ("When, as here, a court denies a 60-1507 motion based only on the motion, files, and records after a preliminary hearing, we are in as good a position as that court to consider the merits. So we exercise de novo review.").

> *A K.S.A. 60-1507 claim is an improper vehicle to raise a trial error such as violation of a statutory speedy trial right without exceptional circumstances.*

K.S.A. 60-1507 motions may not be used as a substitute for a direct appeal on trial errors. Supreme Court Rule 183(c)(3). But trial errors "affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Rule 183(c)(3) (2024 Kan. S. Ct. R. at 240-41); see also *Brooks v. State*, 25 Kan. App. 2d 466, 467, 966 P.2d 686 (1998) (discussing exceptional circumstances which would warrant consideration of a successive K.S.A. 60-1507 motion because "'[e]xceptional circumstances . . . are those unusual events or intervening changes in the law which prevented the movant from being aware of and raising all of his alleged trial errors in his first post-conviction proceeding'").

6

In Williams' direct appeal he raised prosecutorial error during closing arguments, a *Batson* challenge for jury discrimination, an issue with photographic evidence, and cumulative error. *Williams*, 308 Kan. 1320; see *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). He did not raise a statutory speedy trial issue. *Williams*, 308 Kan. 1320. Further, the record reveals that at Williams' preliminary hearing in his underlying case, the parties discussed potential speedy trial issues and Williams waived his speedy trial rights on July 23, 2015, at a status hearing, where Williams appeared in person and through counsel.

Because Williams did not raise any statutory speedy trial right violation on direct appeal and the record reflects that Williams waived his right to a speedy trial, he must prove there are exceptional circumstances for this issue to be considered under his K.S.A. 60-1507 motion. But Williams has not claimed exceptional circumstances apply here. Instead, Williams argues a violation of his statutory speedy trial rights impacts the court's jurisdiction to prosecute him, and he notes that jurisdictional issues can be raised at any time. But the Kansas Supreme Court has held that since a criminal defendant's statutory or constitutional speedy trial rights can be waived, they do not present a jurisdictional issue. *State v. Rodriguez*, 254 Kan. 768, 775, 869 P.2d 631 (1994).

Because Williams has not explained why he failed to raise this issue in his direct appeal, we affirm the district court's summary denial of the claim in his K.S.A. 60-1507 motion. See K.S.A. 2023 Supp. 60-1507(b); Supreme Court Rule 183(g); see also *Ross v. State*, No. 126,792, 2024 WL 3385156, at *5 (Kan. App. 2024) (unpublished opinion) ("[Defendant's] speedy trial argument does not involve his trial counsel's performance. Rather, it involves a potential trial error—whether the district court violated his speedy trial rights. But generally, a defendant must raise all arguments concerning trial errors in his or her direct appeal."), *petition for rev. filed* August 4, 2024.

*Williams' ineffective assistance of counsel claim is not adequately supported nor has he demonstrated prejudice.*

*Standard of review*

As with Williams' first claim, our standard of review of this claim is also de novo. Williams bears the burden to establish that he is entitled to an evidentiary hearing, and to meet this burden, his contentions must be more than conclusory, and he either must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

In addition, claims of ineffective assistance of trial counsel are analyzed under the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by the Kansas Supreme Court in *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985). Under the first prong, Williams must show that defense counsel's performance was deficient. If successful, we move to the second prong and determine whether there is a reasonable probability that, absent defense counsel's unprofessional errors, the result would have been different. *State v. Evans*, 315 Kan. 211, 217-18, 506 P.3d 260 (2022).

To establish deficient performance under the first prong, Williams must show that defense counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel must be highly deferential. A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, reconstruct the circumstances surrounding the challenged conduct, and evaluate the conduct from counsel's perspective at the time. 315 Kan. at 218.

Under the second prong, Williams must show that defense counsel's deficient performance was prejudicial. To establish prejudice, the defendant must show with

8

reasonable probability that the deficient performance affected the outcome of the proceedings, based on the totality of the evidence. A court hearing a claim of ineffective assistance of counsel must consider the totality of the evidence before the judge or jury. *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021).

Regardless of the inadequacy of legal representation, a K.S.A. 60-1507 motion fails if the movant cannot establish substantial prejudice. And the district court properly may deny a motion that falters on the prejudice component of the *Strickland* test without assessing the sufficiency of the representation. 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see *Edgar v. State*, 294 Kan. 828, 843-44, 283 P.3d 152 (2012). In other words, even assuming a criminal defendant's legal representation fell below the Sixth Amendment standard, the defendant is not entitled to habeas corpus relief if the result would have been no different with competent counsel.

*Williams only asserts conclusory arguments in his motions.*

Williams argues his "array of filed documents" show his trial defense counsel failed to: file a pretrial motion for a finding of immunity under K.S.A. 21-5226, interview both State and proposed defense witnesses, and prepare for trial. He acknowledges that these claims in isolation might not be enough to amount to ineffective assistance of counsel, but he argues that taken together the claims show he was denied a fair trial. Williams concedes the overall claim of ineffective assistance of counsel was not fully developed in the motion. But he contends the supporting documents he filed before his preliminary hearing provided ample support.

Williams fails to identify which supporting documents relate to his K.S.A. 60-1507 motion, and he does not show where in the record his claims are supported. See Kansas Supreme Court Rule 6.02 (2024 Kan. S. Ct. R. at 35). For example, he argues:

"The problem with the district court's analysis of this claim—and its resulting summary disposition of all Williams' claims—is that it failed to consider the later filed memorandums etc. which cite to the trial and other portions of the record supporting these claims." In another example, Williams admits his K.S.A. 60-1507 motion is vague, but he argues perfection is not required. To support this assertion, he cites: "See *Floyd* and *Kelly* above," but he did not brief these cases "above." And then he states: "All that is required are specific allegations which state a claim, and those allegations may, as in this case, come from the voluminous supporting documentation filed by Williams before the decision, which the district court seems to have disregarded here." Williams fails to provide a citation for the "voluminous supporting documentation" and does not explain how the later memoranda supports his K.S.A. 60-1507 motion.

Williams claims the district court overlooked other supporting memoranda before it summarily denied the motions. But the supporting memoranda, like his K.S.A. 60-1507 motion, do not move beyond conclusory statements about how Williams' trial counsel was ineffective and had a prejudicial effect on his case. For example, in his May 18, 2020 supporting memorandum, Williams claimed he was entitled to a theory of self-defense and the attorney should have requested an immunity hearing. But this assertion does not provide information about how this was a prejudicial decision or how Williams is in fact entitled to self-defense immunity. And Williams is mistaken in claiming the district court overlooked his later filed supporting memoranda because the court referenced these documents in its summary dismissal and noted that Williams still failed to address whether he suffered any prejudice in them.

Even if we presume that any of Williams' claims show inadequate representation, the district court correctly noted Williams' failure to show prejudice is fatal to his challenge. See *Edgar*, 294 Kan. at 843-44 (Courts need not consider whether counsel was ineffective if the case can be disposed of under the prejudice standard.). And we see no prejudice in our review of the record. For example, the district court found Williams'

10

claim related to self-defense immunity was moot because the jury was instructed on this defense. Williams does not address this finding on appeal. Williams claims his counsel did not interview key witnesses, but he does not identify which witnesses should have been interviewed or how their interviews or testimony could have impacted his defense. Williams also contends his trial counsel should have provided a reason as to why there was no video of his interrogation at the United States-Canada border. But Williams does not explain what the video would contain that would be different than what was presented at trial. While these are only a few examples of how Williams failed to support his challenge, the same is true for all his ineffective assistance of counsel claims. And without an explanation of how or why his trial could have turned out differently but for these deficiencies, we see no error by the district court.

CONCLUSION

For these reasons, we find Williams' motion, later filings, and the record of the case conclusively show that Williams is not entitled to relief. We therefore affirm the district court's summary denial of Williams' K.S.A. 60-1507 motion.

Affirmed.

11